## FLEMING *vs.* HILL.

1. The evidence is sufficient to support the verdict.
2. Requests to charge, not warranted by the evidence, are properly refused.
3. A defendant having bought goods from plaintiff, and the issue being whether they were to be paid for by himself or another, evidence was admissible in behalf of plaintiff to show that on the same day defendant went into another store to buy such articles as those sued for, to fill an order for parties with whom he was dealing, but was to pay for the same himself.

4. Interrogatories and answers were as follows:

Q. "State whether or not, at the time said account was contracted, you heard anything said between plaintiff and defendant about defendant being entitled to a part of the profits of said bill by reason of his having procured the order for the same on plaintiff? Was not defendant to have half of the profits?"

A. * * "The plaintiff stated to him (defendant) he did not know Morgan & Printup, and never had any dealings with them, and would look to the defendant for its payment. When collected, the defendant was to have half of the profits of the sale."

Q. "Did you hear anything said at the time as to who was to collect said bill, and for whom and from whom?"

A. "Witness' understanding and recollection of the conversation was that defendant was responsible for the collection of the bill, and was to deliver the money into the store without any express or other charges."

*Held,* that the answers do not vary sufficiently from the questions to cause their exclusion.

Verdict. Charge of Court. Evidence. Before Judge CLARK. City Court of Atlanta. June Term, 1879.

To the report contained in the decision it is only necessary to add that the following were among the grounds of the motion for new trial:

(1). Because the verdict was contrary to law and evidence.

(2). Because the court allowed the answers of Culberson to be read, as set out in the fourth head-note. Defendant objected to them as not responsive to the questions, and to the first part of the last answer as being an inference.

(3.) Because the court refused to charge the following requests of defendant's counsel:

(*a*). "If the jury believe from the evidence that Morgan & Printup were liable to plaintiff, Hill, for the goods sent to them, any undertaking by defendant, Fleming, to guarantee the payment of said bill, or to become responsible for the collection of said bill, would be a collateral undertaking, and not binding on Fleming, unless it had been in writing."

(*b*). "The law leaves all who share in the guilt of an illegal transaction where it finds them and will not lend its aid to enforce the contract.

" If the jury believe, from the evidence, that the liquors, the price of which is sued for, were sold by plaintiff to defendant for the purpose of enabling defendant (who had no license) to sell liquors at wholesale, to sell the same to Morgan & Printup, and the plaintiff knowingly assisted him to do so, by charging the goods on plaintiff's books to Morgan & Printup, and shipping said goods to Morgan & Printup, and making out the bill for the same to Morgan & Printup, such a transaction would in violation of the revenue laws of the United States, and would be void, and plaintiff could not recover for the price of the goods so sold."

(4). Because the court, over the objection of defendant's counsel on the ground of irrelevancy, permitted W. R. Hill to testify that defendant, on or about July the 15th, 1876, (the date of the purchase involved in this suit) called at the house of Cox, Hill & Thompson, in Atlanta, and offered to get their said house to fill a bill of liquors, amounting to about the same amount and character as that sued on, that defendant said to witness he desired to get the person to fill said bill who would allow defendant to make the most money on it; that defendant did not disclose the name of the person for whom said bill was to be filled, and defendant proposed to be responsible for the payment of it. Witness told defendant his house would allow him half of the profits, which was five per cent. That defendant left and said he would return if he could not do better at some other place.

E. N. Broyles, for plaintiff in error.

Hopkins & Glenn, for defendant.

Crawford, Justice.

This was a suit upon an open account, bruoght by John

M. Hill against A. H. Fleming, with two verdicts for the plaintiff, and now for the second time before this court. The defendant, by his pleas, first, denied the contract as alleged; second, that if he made it, he did it with the intention of re-selling the liquors bought to the firm of Morgan & Printup, and having no license to sell, he was aided by the plaintiff in contriving to make the sale for the purpose of defrauding the government of its revenue, and therefore the contract was void; third, that if he was liable at all, it was a collateral liability to that of Morgan & Printup, and not being in writing, it was not binding upon him. The issues thus presented were found against him by the jury, and he sought a new trial on account of the errors alleged to have been committed by the court and jury, which was refused and he excepted.

1. The questions of fact before the jury were, first, to whom were the goods sold, to Fleming the defendant, or were they sold to Morgan & Printup? Second, if sold to Fleming, was there any intention to re-sell them by a new contract to Morgan & Printup in such way as to defraud the government of its revenue, and was he aided in that intention by the plaintiff? and third, was the contract with the plaintiff an original or collateral undertaking to pay for the goods sold?

The testimony of the plaintiff Hill, believed by the jury, was quite sufficient for them to have found that the goods sold were sold to the defendant himself, and not to the firm of Morgan & Printup; or if upon the other hand they had disbelieved Hill, and chosen to have believed the defendant, Fleming, then his testimony was also sufficient to have authorized their finding that the sale was one to Morgan & Printup and not to Fleming. The entry on the books of the plaintiff, the shipment of the goods direct to those parties, as well as everything which transpired, was but evidence to ascertain where the truth lay as to the real contract. Charging the goods on the books of the plaintiff to Morgan & Printup was *prima facie* evidence in favor of the defendant, but it was not conclusive, the

plaintiff could explain and rebut, and if the jury believed him then they could so find.

The real question being whether the sale was made to Fleming, or to Morgan & Printup, if to him he was liable, if to them he was not, unless his agreement to pay had been in writing. So the finding of the jury on the first plea necessarily disposed of the last.

2. Upon the second plea, under the proof submitted, and as found by the jury, it simply shows a purchase by Fleming with a delivery to Morgan & Printup, and is, in fact, but one sale, and that to Fleming, with directions to ship the goods to the other parties to whom he had agreed to deliver them.   The plea set up could not be sustained by such proof, nor was the charge asked for authorized by the same ; the refusal of the court to give it, therefore, was not error.

As to the request to charge on the collateral liability of Fleming upon a promise to pay the bill for Morgan & Printup, there was no claim by Hill that any such promise was ever made to him, none by Fleming that he had ever made such promise, and none by any other witness that he had, so that, to have charged the jury as requested, would have been putting to them matter not in the proof, and therefore would have been error.

3. Another ground of complaint in the motion for a new trial was the admission of the testimony of W. R. Hill, over the objection of defendant's counsel.   The issue on the first plea was whether the defendant bought the goods himself on his own account, or whether he bought them for Morgan & Printup.   This testimony was offered to show that on the same day the defendant went into the store of witness to buy such articles as were sold, to fill an order for parties with whom he was dealing, but was to pay for the same himself.   This testimony embraced the facts that he wanted to buy such goods as were sold by the plaintiff, that it was on the same day, and was to fill an order, which he wanted to fill by the house that

would allow him to make the greatest profit, and for which he was to pay himself. This testimony supported the plaintiff's theory of the case and was admissible.

4. The objections to the answers of the witness, Culberson, are not entirely without merit, but are not sufficient, in our judgment, to have excluded them. In looking through the whole case, we think that it was fairly submitted to the jury, and that their verdict having sufficient proof to authorize it, we will not disturb their finding.

Judgment affirmed.