SEEGAR *vs.* SMITH.

1. Where, in a suit for the purchase price of land, the defendant al·leged that he purchased the land as fifty acres at eight dollars per acre, and that there were only about thirty acres, while the plaintiff contended that the entire tract was sold, estimated to contain fifty acres, more or less, it was admissible to prove that, on the same day when the sale was effected, the plaintiff offered to sell the land to another person by the acre instead of by the tract.

2. If a tract of land was purchased as fifty acres, but upon being surveyed, was found to contain only thirty-four and a half acres, the vendee was not obliged to claim a rescission of the contract, but could retain the land and have compensation for the deficiency, on the ground that such deficiency was so gross as to justify the suspicion of wilful deception or mistake amounting to fraud.

March 31, 1887.

Sales. Contracts. Vendor and Purchaser. Specific Performance. Evidence. Fraud. Before Judge HUTCHINS. Jackson Superior Court. August Term, 1886.

A. B. Smith brought complaint against J. A. Seegar on a promissory note for a balance of $204.07. The defendant pleaded the general issue; that a partial payment had been made for which credit had not been given; that the consideration of the note was a tract of land, which plaintiff represented to defendant contained 50 acres, and for which defendant agreed to give $8 per acre, and accordingly gave this note for the purchase money on such representation; whereas, it contained only $34\frac{1}{2}$ acres, and a proper deduction should be made.

It is unnecessary to set out the evidence in detail. The jury found for the plaintiff $151.90 principal, besides interest and attorneys' fees. The defendant moved for a new trial on the following grounds:

(1) Because the verdict was contrary to law and evidence.

(2) Because the court refused to allow defendant to prove by a witness, in rebuttal of plaintiff's denial of the fact, that on the day he traded with defendant, while hunt-

ing a purchaser, Smith tried to sell the land to the witness at $8 per acre, and upon the same terms that defendant claims he bought.

The motion was overruled, and the defendant excepted.

W. I. PIKE; J. W. HILL, by HARRISON & PEEPLES, for plaintiff in error.

W. L. TELFORD, by brief, for defendant.

HALL, Justice.

Seegar, the plaintiff in error, purchased from Smith, the defendant in error, fifty acres of land, as he alleges, at $8 per acre. In short, he says he purchased by the acre, and was to pay at that rate for only so much land as he got. On the other hand, it is contended that he purchased the entire tract, estimated to contain fifty acres, " more or less." As to the terms of this contract, there was a direct conflict of evidence, the preponderance perhaps in favor of Seegar's version of the affair; at all events, it is a close case and very equally balanced. On the trial, Seegar offered to introduce a witness with whom Smith had had an interview on the same day that this sale was effected, to show that he was offering to sell this land to him by the acre instead of by the tract. That testimony was rejected by the court, as it seems, upon the ground that it was introduced to 'impeach the testimony of the plaintiff, Smith, and if for that purpose, the point to which it related did not seem to be material. It does not appear from the record that the avowed object was to impeach the testimony of the witness.

1. It is now insisted, and we think correctly, that it was admissible to corroborate Seegar's version of the contract between the parties, and for this purpose ; we hold it was competent, as was decided in the case of *Fleming vs. Hill*, 65 *Ga.* 247. In a case so evenly balanced as this seems to be, it was certainly admissible for that purpose.

2. Upon a survey of the land, instead of fifty acres being

found within the boundaries designated (and there is some dispute about these boundaries), it was found to contain only thirty-four and a half acres; and one of the defences set up is, that this was such a deficiency in the quantity of the land as to justify the suspicion of wilful deception, or of mistake amounting to fraud, which would have been sufficient to have rescinded the contract at the option of the vendee. The vendee, however, did not wish to set aside the sale, preferring to keep the land, but desired compensation for the deficiency by reducing the amount agreed on as the price. Had he gone into the court and insisted upon a specific performance of this contract, with compensation for this deficiency, the vendor could not have successfully resisted that claim. It is true that the vendor made an effort to rescind the contract, which the vendee declined; but he was not bound to accept the offer. He purchased the land for a particular purpose and had a right to retain possession of what remained and to have compensation for so much of the tract as he failed to get.

This whole subject, both as to the deficiency in the quantity sold, and the setting off against the price the value of such deficiency where sold by the acre, or where it appears so gross as to justify a rescission, will be found treated of in section 2642 of the code and in the cases cited thereunder. And as to the right of this vendee to have specific performance of the contract and compensation for the deficiency, *vide* section 3191–2 of the code, and citations.

We are of opinion that, upon the ground of the deficiency in the quantity of the land, whether sold by the acre or by the tract, there should be another hearing of this case, that a verdict may be returned upon the issues thus made; and also, upon the further ground that there was error in rejecting the evidence offered to corroborate the defendant's version of the transaction, that the judgment should be reversed.