PATRICK *et al.*, administrators, *v.* SHEPPARD *et al.*

No. 11180. JULY 15, 1936.

*Phillips & Abbot,* for plaintiffs.

*J. Roy McCracken* and *Frank Hardeman,* for defendants.

HUTCHESON, Justice. R. L. Patrick, A. A. Wren, and W. J. Wren Jr., as administrators of the estate of W. J. Wren, deceased, brought an action against R. W. Sheppard, W. A. Swint, G. B. Walden, and Atlantic Ice and Coal Corporation, for recovery of a certain described parcel of land, and for rents and profits; a plat of said parcel, made on April 11, 1934, being attached to and made a part of the petition. Answer was filed. The issue thus made was by consent tried by the judge without a jury, on an agreed statement of facts substantially as follows: On November 5, 1885, W. S. Wren, after having conveyed a right of way through his property to the Georgia and Florida Railroad, conveyed to W. J. Wren, deceased, certain property which included the parcel of land in dispute. It is agreed that the plat attached to the petition correctly describes the property in dispute. The defendants claim title by reason of the following conveyances, all duly recorded: On June 6, 1921, the plaintiffs as administrators, under order of the court of ordinary and after due advertisement, conveyed to L. S. Wren a lot described as follows: "All that lot or parcel of land lying and being in the Town of Wrens, 81st district G. M. of Jefferson County, Georgia, known as lot No. 3 in the plan of said town, bounded by Mill Street, right of way of the Georgia and Florida Railroad Company, and lot number 2 in plan of said Town of Wrens, on which lot is situated what is known as Wrens Milling Company, the same being an up-to-date roller flour-mill of 60-barrel per day capacity, with all the machinery and outfit of a first-class flour-mill in perfect running order, with engines, boilers, belts, conveyors, fans, and everything in complete running order, sold together with the lot." A copy of the plan of

said town, so far as pertinent to the case, is attached to the statement of facts and marked exhibit A, the same being copied from a map recorded in the office of the clerk of the superior court of said county. On June 7, 1921, L. S. Wren executed to the Citizens and Southern Bank of Augusta a security deed conveying the same property; and on June 20, 1924, L. S. Wren having been duly adjudicated a bankrupt, the trustee in bankruptcy, pursuant to an order of the bankruptcy court, conveyed the same property to that bank. On May 6, 1927, the bank conveyed the property described as in the above conveyances to the Citizens Bank of Wrens, with the following additional description: "said lot being more specifically designated as lot number 19 on a plat of the property of W. J. Wren, made by W. M. Crook, retraced by J. B. Stoughton, and recorded in the office of the clerk of the superior court of Jefferson County, Georgia, in deed book SS, page 23. This being the same property heretofore conveyed by R. L. Bethea as trustee in bankruptcy of L. S. Wren to the Citizens and Southern Bank of Augusta, Ga., and being recorded in the office of the clerk of said county in deed book SS, page 143." The plat referred to in this deed is attached to the agreed statement of facts, and marked exhibit B. On October 6, 1927, the superintendent of banks, having taken over the Citizens Bank of Wrens, conveyed to the defendants herein property described as follows: "That tract or parcel of land located in the 81st district G. M. of said county, in the Town of Wrens, containing 3/4 acre, more or less, and bounded on the north by Mill Street in said town, on the south by right of way of the Georgia and Florida Railroad and a lot belonging to the Georgia and Florida Railroad, east by lands of the Town of Wrens, and west by a lot belonging to R. W. Sheppard and Albert Thompson. The property is more accurately described by reference to a plat thereof made by D. J. May, C. S., G. C., Ga., June 8th, 1927, on which property is located what is known as the Wren Milling Company property, and consists of 1 mill-house, equipped with a 60-barrel flour-mill" (listing machinery, etc.). Defendants have placed a small building on the lot in dispute. Before January 1, 1931, the lot in dispute was vacant and unenclosed in any way. The defendants have paid the taxes on the parcel in dispute if any have been paid, and have paid taxes on the property purchased by them. It appears from the

plat referred to as exhibit B that lot No. 19 is, for the purposes of this case, shown to be the same as lot No. 3 on the plat designated as exhibit A. Upon the above evidence the court found in favor of the defendants. The plaintiffs excepted.

"Map of Wrens, Ga., property of W. J. Wren, Wrens, Ga., May 22, 1909."

(Lot in controversy)

Under the evidence no question is raised as to title in the defend-- ants by seven years adverse possession under color of title; and this being a case in the nature of a suit in ejectment, the plaintiffs must recover on the strength of their own title. Code, § 33-101. Therefore the sole question before the court is a proper construction of the deed to L. S. Wren by the plaintiffs as administrators of the estate of W. J. Wren, deceased. "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." Code, § 29-109. "In construing conveyances of land, effect is to be given to every part of the description, if practicable; but if the thing intended to be granted appears clearly and satisfactorily from any part of the description, and other circumstances of description are mentioned which are not applicable to that thing, the grant will not be defeated, but those circumstances will be rejected as false or mistaken. What is most material and most certain in a description shall prevail over that which is less material and less certain." *Harris* v. *Hull,* 70 *Ga.* 831. It is also a well-established rule that

where the descriptive clauses in a deed contain particular words of description and also refer to a plat, and the plat is more definite than the particular words of description, the description by plat shall control as to the property conveyed. *Holder* v. *Jordan Realty Co.*, 163 *Ga.* 645 (136 S. E. 907), and cit. An exhaustive discussion of the rules to be followed in the construction of deeds and cases pertaining thereto will be found in *Thompson* v. *Hill*, 137 *Ga.* 308 (73 S. E. 640), and we do not deem it necessary to elaborate thereon. Reference to the plat in the present case and the particular words of description disclose that the particular words of description, in attempting to set out the boundaries of the tract conveyed, fail to completely circumscribe the tract; but instead leave a portion of the tract without any boundary at all; whereas the description by plat is complete and definite. Under the evidence and the rules laid down above, we are of the opinion that the description by plat prevails, and the parcel in controversy was not conveyed by the administrator's deed, and the court erred in so holding.

It is contended by the defendants that the court, in properly construing the deed, should so construe it as to extend the boundary line between lots 2 and 3, as shown on the plat, to the railroad right of way, which if done would include the land in controversy in the conveyance. "While it is not necessary that the instrument should embody a minute or perfectly accurate description of the land, yet it must furnish the key to the identification of the land intended to be conveyed by the grantor. If the premises are so referred to as to indicate his intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable. *Andrews* v. *Murphy*, 12 *Ga.* 431." *Crawford* v. *Verner*, 122 *Ga.* 814, 816 (50 S. E. 958). "A description of the land is not too indefinite if the court can, with the aid of extrinsic evidence which does not add to, enlarge, or in any way change the description, fit it to the property conveyed by the deed. *Tumlin* v. *Perry*, 108 *Ga.* 520 (34 S. E. 171) ; *Atlanta etc. R. Co.* v. *Atlanta etc. R. Co.*, 125 *Ga.* 529

(54 S. E. 736); *Bunger* v. *Grimm,* 142 *Ga.* 448 (83 S. E. 200, Ann. Cas. 1916C, 173)." *Callaway* v. *Beauchamp,* 147 *Ga.* 17 (92 S. E. 538). These rules might have application if the description of the property conveyed had made no reference to a plat, and the construction contended for by the defendants might prevail; but such is not the case made by the present record. We are of the opinion that there is no conflict between the particular description and the description by plat in the deed under construction. The particular description is correct in so far as it attempts to bound the property as described by the plat; and construing the description as a whole with reference to the plat, it can plainly be seen that the remaining portion of the southern boundary of the tract intended to be conveyed is the southern boundary of lot No. 3 as shown on the plat. *Judgment reversed. All the Justices concur.*