# WARSAW TURPENTINE COMPANY *et al. v.* FORT BARRINGTON CLUB.

No. 12083. FEBRUARY 19, 1938.

*M. Price* and *Edwin A. Cohen,* for plaintiffs in error.

*Young H. Fraser, Paul J. Varner, Carl T. Hudgins,* and *Paul L. Lindsay,* contra.

HUTCHESON, Justice. This case arose on an action by the Fort Barrington Club, a corporation, against Warsaw Turpentine Com-

pany, a corporation, and F. A. McIntosh, seeking to enjoin the defendants from cupping pine trees on certain described, land in McIntosh County, to which the plaintiff claimed title under the following conveyances: warranty deed from David Hudson to C. P. Mallett, dated October 5, 1899; warranty deed from Mrs. Jane Overman, Marion A. Mallett, and Mrs. Margaret W. Holmes to Nelson D. Amos, dated September 14, 1909; warranty deed from Nelson D. Amos to C. E. Gibbs, dated December 20, 1909, with attached plat certified by W. R. Poppell, county surveyor, as a true representation of said tract, both deed and plat duly recorded; warranty deed from C. E. Gibbs to Fort Barrington Hunting and Fishing Club, dated October 20, 1910; warranty deed from Fort Barrington Hunting and Fishing Club to plaintiff, dated December 12, 1927. Both the later two deeds in the description of the property conveyed refer to it as the same property conveyed in the deed from Amos to Gibbs according to the plat attached to the deed referred to, reciting the book and page number of the record. of the deed and plat. Attached to the petition was a plat made by a later county surveyor of said county in 1931, and duly recorded, which plat, as the petition alleges, shows the correct boundaries of the tract claimed by the plaintiff. The defendants answered, denying that they were cupping trees on the plaintiff's land, and alleged that they were lessees of V. F. Ward, W. H. Dameron, and M. P. Burwell. Ward, Dameron, and Burwell intervened as parties defendant, denied the material allegations of the petition, and alleged that they were the owners of the following described lands: one tract granted to John L. Desvergers by the State on December 31, 1838; one tract granted to Levy Martin by the State on April 27, 1857; and one tract granted to Edw. Poppell by the State on May 7, 1860, said tracts being adjoining tracts. The intervenors alleged also that they had authorized the original defendants to go upon said lands and cup trees thereon, and sought to enjoin the plaintiff from going upon their land and cutting timber thereon. The plaintiff and the defendants are claiming under separate and independent titles. The plaintiff's land lies between the defendants' land and the Altahama river. The defendants' land lies east of the plaintiff's land. It is the eastern boundary of the plaintiff's land and the western boundary of the defendants' land

that is in dispute. It is in this disputed area that the acts complained of both by the plaintiff and the defendants were taking place.

On the trial the original State grants to the various predecessors in title of the defendants, and the original State grant of the land between the defendants' grants and the river, being the land claimed by the plaintiff, were introduced in evidence. The State grants described the lands according to plats attached thereto. As to the disputed boundary line these plats show certain designated monuments thereon, one of which is a pond. When these plats are reduced to scale (as shown by blue-print in evidence) the various tracts fit together with only inconsequential variations, and show that the land line in dispute is an approximately straight line. The same monuments on the disputed line are shown on both the State grants of the land claimed by the defendants and the State grant of the land claimed by the plaintiff, and the line on both is shown to run the same course. The plat attached to the deed from Amos to Gibbs, under which plaintiff claims title, shows the boundary lines of the plaintiff's land running the same courses as those on the State grants; there is a variation, however, in the distances of the boundary lines running from the line in dispute to the river, thus disclosing more computed acreage than called for by the State grant. The uncontradicted evidence of the plaintiff shows that the eastern line on the plat attached to the petition runs on some of the identical monuments as shown on the State grants, one of them being the pond, about the location of which there is no dispute. The uncontradicted evidence of the plaintiff shows that the eastern line on the plat attached to the petition runs on the identical monuments as the eastern line of the plat attached to the deed under which plaintiff claims title, although the courses and distances show some slight variations therefrom. The defendants' evidence showed a line on the ground, and claimed as the true line by them, running at various angles, some as much as 45 degrees or more, which line runs on various old monuments. While in general terms it was testified that this line was run according to the State grants, there is no evidence showing that any of the monuments on the line claimed by the defendants are the same as those shown on the State grants. The line claimed by the plaintiff will give it 117 acres more than called for by the State grant, and the

line claimed by the defendants will give the plaintiff 43 acres less than called for by the State grant. There is no evidence that there is any line on the ground which will give the plaintiff the approximate amount of acreage called for by the State grant, nor is there any evidence that the line claimed by the plaintiff will give the defendants less acreage than that called for by their State grants. The uncontradicted evidence of the plaintiff showed that it and its predecessors in title had been in actual possession of a part of the land conveyed to it for a period of more than twenty years. The defendants showed a paper title back to the State, and that they and their predecessors in title had been in actual possession of part of the land conveyed to them for approximately the same period of time. All of the deeds, from the State down to the defendants, describe the lands conveyed by reference to the State grants. There was evidence by both the plaintiff and the defendants, from old residents familiar with the land, as to which line was generally recognized as the dividing line between the land of plaintiff and that of the defendants. Neither party introduced sufficient evidence to authorize a finding that either line had been acquiesced in by either party or their predecessors in title for a period of seven years (Code, § 85-1602). The jury returned a verdict in favor of the plaintiff, and the defendants brought the case to this court on exceptions to the overruling of their motion for new trial.

1. Where a deed contains words of description, such as that the land conveyed is bounded by the lands of named parties, and also refers to a plat, and the plat contains definite boundaries as to courses, distances, and monuments, the description by plat controls as to the property conveyed. *Holder* v. *Jordan Realty Co.*, 163 *Ga.* 645 (136 S. E. 907), and cit.; *Patrick* v. *Sheppard*, 182 *Ga.* 788 (187 S. E. 379).

2. Courses and distances and computed contents yield to ascertained boundaries and monuments. Code, § 85-1601; *Brantly* v. *Huff*, 62 *Ga.* 532 (5), 536; *Harris* v. *Hull*, 70 *Ga.* 831, 841; *Leverett* v. *Bullard*, 121 *Ga.* 534 (2) (49 S. E. 591).

3. "Constructive possession of lands exists where one having paper title to a tract of land is in actual possession of only a part thereof. In such a case the law construes the possession to extend to the boundary of the tract. Hence adjacent owners may be in constructive possession of the same land, being included in

the boundaries of each tract. In such cases no prescription can arise in favor of either." Code, § 85-404. However, where, as between adjoining landowners holding under independent title, a dispute arises as to the proper location of the dividing line between the properties, and each has been in actual possession under his deed of a part of the land conveyed therein for more than seven years, but neither has been in actual possession of the land lying between the claimed and disputed boundary lines, and the evidence upon the trial of the issue between them discloses without dispute that according to the description in their deeds there is no overlapping of boundaries, but that the boundary described in each deed is the same, no mutual constructive possession is involved, and each has good prescriptive title to wherever the true line may be. Code, § 85-407. Under such circumstances the sole question is the location on the ground of the boundary described in the deeds, and the question of a superior or older paper title is not involved in ascertaining the boundary line.

4. Under the above rulings and the evidence, a verdict for the plaintiff was demanded, finding the boundary line between its land and that of the defendant as being located as claimed by the plaintiff. The evidence demanding the verdict, it is unnecessary to deal with the other grounds of the motion for new trial, complaining of certain charges of the court, and the failure to give in charge certain principles, and complaining of the admission and exclusion of certain evidence, which admitted evidence if excluded, and which excluded evidence if admitted, could not have affected the result of the case.

*Judgment affirmed. All the Justices concur.*