SEWELL *v.* SPRAYBERRY.

No. 12131.   APRIL 15, 1938.

2

4

*Hall, Jones & Atkinson,* for plaintiff in error.
*Ellis G. Arnall* and *Walter D. Sanders,* contra.

HUTCHESON, Justice. (After stating the foregoing facts.)

One of the grounds of the motion for new trial complained of the charge of the court submitting to the jury an issue whether the plaintiff had acquired title to the land in dispute by reason of adverse possession for a period of twenty years, under the Code, § 85-406. "Possession to be the foundation of prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. Permissive possession can not be the foundation of a prescription, until an adverse claim and actual notice to the other party." § 85-402. "Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." § 85-403. The plaintiff testified that since the new road was run in 1914 he had not cultivated the property in dispute in lot 219 north of the drive-

6

way to the gardens; that he had cultivated the part of the property in dispute south of the entrance and back up to the rock corner shown in the southwest corner of the plat and as far north as the "rustic house." He explained this, and admitted that he worked it with the permission of the defendant as the result of an agreement made not earlier than in 1932. He admitted that he made no claim to the disputed property until 1935. He admitted that the defendant had been in possession of the property in dispute in lot 219 since 1926, when the defendant bought his land. He admitted that he watched the defendant improve the land in dispute in lot 219, including the building of a fence along the Newnan-Roscoe road, about five years before the trial, and made no objection; that he was living there in 1926 when the defendant bought his land, and never made any objection to the line until 1935. One witness for the plaintiff testified that he worked the land lying in lot 219 between the old road and the new road in 1925, as a tenant of the plaintiff, who was a tenant of the defendant's predecessor in title. Another witness, who was a tenant of the defendant's predecessor in title from 1914 to 1924, testified that he always had possession of the land down to the road, and after the new road was built he worked it. As to the property in dispute in lot 230 the plaintiff testified: "I had my road here. As to whether I farmed up to the road on one side and they farmed up to the road on the other, I answer: Here is my house out here. I had a woodpile up here. I had in potatoes several years. I cultivated corn in here. I haven't cultivated west of the plantation road since I built that house." In another part of his testimony the plaintiff testified, "As to lot 230, I occupied it. I don't say I went over the line. I may have varied a little bit." Under the Code sections above quoted, that the possession must be actual, continuous, in the right of the possessor, public and exclusive, the plaintiff failed to present sufficient evidence to authorize a jury to find title in him to the land in dispute by reason of actual adverse possession for a period of twenty years. Therefore the court erred in submitting such an issue to the jury.

■ Error is assigned on the court's charge submitting to the jury the question whether the plaintiff had acquired title to the land in controversy by possession under color of title for the statutory period of seven years. Code, § 85-407. "Constructive pos-

session of lands exists where one having paper title to a tract of land is in actual possession of only a part thereof. In such a case, the law construes the possession to extend to the boundary of the tract. Hence, adjacent owners may be in constructive possession of the same land, being included in the boundaries of each tract. In such cases no prescription can arise in favor of either." § 85-404. "Possession under a duly recorded deed will be construed to extend to all the contiguous property embraced therein." § 85-405. Before one can establish title by reason of possession under color of title, he must show, first, that the writing which he claims as color of title purports to confer title upon the possessor; second, actual possession of some portion of the tract; and third, a claim of ownership over the portion not held in actual possession. Powell on Actions for Land, § 307. The plaintiff's deed expressly excepted therefrom two and one half acres in the northwest corner of land lot 219. The deed on its face purported to convey all the property described, except two and one half acres located by taking the northwest corner of the lot as a base point, from which two sides of the tract conveyed shall extend an equal distance, so as to enclose by parallel lines the quantity conveyed. *Vaughn* v. *Fitzgerald,* 112 *Ga.* 517 (37 S. E. 752); *Payton* v. *McPhaul,* 128 *Ga.* 510 (58 S. E. 50, 11 Ann. Cas. 163); *Osteen* v. *Wynn,* 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212). The plaintiff, however, admits the correctness of the south, west, and north lines of the excepted acreage in lot 219 (the north and west lines being the land-lot lines), and that he bought knowing these lines comprised three boundaries of the excepted acreage in that lot. Under these circumstances, to ascertain the extent of the excepted acreage the boundary will be a line parallel with the west line and be a sufficient distance therefrom to embrace two and one half acres in the corner of lot 219. *Moody* v. *Vondereau,* 131 *Ga.* 521 (62 S. E. 821). Such a line would lie in the new Newnan-Roscoe road, and would not include any of the property in dispute in lot 219. It follows that the plaintiff had no color of title to that part of the property in lot 219. His deed also excepted two and one half acres in lot 230. If this be taken as a square, the line would be, for the distance of one side of the square, east of the line claimed as the true line by the defendant; that is, east of the plantation road which defendant admits has been acquiesced in by him as the di-

viding line between his land and that of the plaintiff in lot 230. It is true that the plaintiff admits that the defendant owns 3.051 acres in land lot 230, and does not claim to own all of lot 230 except two and one half acres therein; but the plaintiff also admits that the southern boundary and the western boundary, both being land-lot lines, and the northern boundary are correct boundaries of the tract excepted from his deed in lot 230. Applying the same rulings of ascertainment of description to the excepted portion in lot 230 as we applied to the excepted portion in lot 219, the defendant's color of title as related to lot 230 fully covered the land in dispute located therein. Merely because he does not claim title to all he has color of title to, does not prevent him from claiming a part under such color of title. The plaintiff having been in actual possession for the requisite length of time to part of the property conveyed by his deed, although not the property in dispute, and the evidence not demanding a finding that the defendant had been in actual possession of that part in dispute in lot 230, there was apparently an issue for determination as to whether the plaintiff had acquired title to the land in dispute in lot 230 by seven years possession under color of title.

At this point, however, we are confronted with the question whether as to the land in dispute the evidence as to the boundaries called for by the respective deeds of the plaintiff and the defendant as to lot 230 discloses that such boundaries are overlapping, so as to include within both the land in dispute in said lot. If that be true, neither would be entitled to recover on the basis of prescriptive title by seven years possession under color of title. Code, § 85-404. To determine this question we must examine the defendant's deed. It conveys certain acreage in certain land lots, among them lots 219 and 230, "being the same land set apart as dower . . to Mrs. Sara A. Sewell, . . which dower and plat is of record . . reference to which is had." Then follows the description of the land as bounded on the east by the lands of plaintiff. Under these circumstances the courses, distances, and monuments appearing on the plat are to be considered in ascertaining the description of the land and the intent of the parties, as if they had been expressly enumerated in the deed. *Schreck* v. *Blun,* 131 *Ga.* 489 (62 S. E. 705) ; *Aiken* v. *Wallace,* 134 *Ga.* 873 (68 S. E. 937). The return of the commissioners, which was made

the judgment of the court, assigned to the widow a certain number of acres, and then recited: "A full and complete description of land assigned as dower will appear from plat . . attached." The plat attached, so far as the present controversy is concerned, showed a rock corner in the southwest corner of a tract 4 chains (264 feet) by 14.80 chains (976.8 feet) with the acreage designated as being 5.9 acres. Upon the trial that rock at the southwest corner was established as the same rock corner at the southwest corner of the property shown on the plat attached to plaintiff's petition. "In construing conveyances of land, effect is to be given to every part of the description, if practicable; but if the thing intended to be granted appears clearly and satisfactorily from any part of the description, and other circumstances of description are mentioned which are not applicable to that thing, the grant will not be defeated, but these circumstances will be rejected as false or mistaken. What is most material and most certain in a description shall prevail over that which is less material and less certain." *Harris* v. *Hull*, 70 *Ga.* 831. See *Woolen* v. *Solomon*, 139 *Ga.* 433 (77 S. E. 375); *Thompson* v. *Hill*, 137 *Ga.* 308 (73 S. E. 640); *Holder* v. *Jordan Realty Co.*, 163 *Ga.* 645 (136 S. E. 907). Applying these principles to the instant deed and the surrounding facts, we are led to the conclusion that the description by plat, giving the rock corner, the distances and the acreage, which exactly corresponds with the distances, are the particular and controlling words of description in the deed to the defendant; that the description as bounded on the east by the lands of the plaintiff is a general description; that the words of description given in the plat are material, and the description as bounded by the land of the plaintiff is less material and less certain, and that the description by the plat must control. Therefore the defendant had color of title to the land in controversy in lot 230, and, being in actual possession of part of the land conveyed to him, would also have been in constructive possession of the land in dispute in lot 230, in the absence of any constructive possession of the defendant. There being an overlapping of boundaries as described in the respective deeds of the plaintiff and the defendant, neither party gained prescriptive title to the land in dispute in lot 230 by seven years possession under color of title. Accordingly the court erred in submitting to the jury the question whether the plaintiff had

acquired title to any of the land in dispute by reason of seven years possession under color of title.

■ Other special grounds of the motion for new trial are without merit. The general grounds are not passed upon.

*Judgment reversed. All the Justices concur, except Russell, C. J. disqualified.*