### HARLAN *v.* ELLIS *et al.*

No. 15014. NOVEMBER 22, 1944. REHEARING DENIED DECEMBER 13, 1944.

*J. D. Tindall, Clint W. Hager,* and *J. F. Kemp,* for plaintiff.

*Scott, Dunaway, Riley & Wiggins, Durwood T. Pye, Douglas, Evans & Cole,* and *Eugene Gunby,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The defendant's amended answer in the nature of a cross-petition averred in part substantially the following: It was the intention of the defendant, and of counsel representing her in a former divorce suit, to describe the improved lot which is the subject-matter of the ejectment action, and to ask that it be set aside to her as permanent alimony, but by inadvertence a vacant lot owned by her was described by metes and bounds in the divorce suit, instead of the adjoining improved lot which was owned by her husband. On the final trial in the divorce case the jury in their verdict set aside as permanent alimony the lot described in the petition; but the defendant avers that it was the intention of the jury to set aside the

improved lot. In the decree in the divorce case, the property set aside was described in like manner as in the petition. The defendant, however, avers that it was the intention of the court to set aside the improved lot. The first notice that the defendant, or her attorney, had of the mistake in the description was after the expiration of the term of court at which the final decree was rendered, when the attorney who represented the husband in the divorce suit called the defendant's attorney and made demand for possession of the improved lot. The defendant averred further that her husband and his attorney knew that the property intended to be described in the divorce suit was the improved lot, but that the attorney waited until after the expiration of the term before saying anything about the error. There were prayers that the petition in the divorce suit, the verdict of the jury, and the decree of the court be reformed so as to describe the improved property. "The superior court may, in a proper case, mould the verdict so as to do full justice to the parties, and in the same manner as a decree in equity." Code, § 110-106. "A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and recorded, and the jury dispersed, it may not be amended in matter of substance, either by what the jurors say they intended to find or otherwise." § 110-111. Where a verdict has been received and published and the jury have been dispersed, the presiding judge cannot amend or reform the verdict in matter of substance. *Wood* v. *McGuire,* 17 *Ga.* 361 (4) (63 Am. D. 246) ; *Shelton* v. *O'Brien,* 76 *Ga.* 820; *McCrary* v. *Gano,* 115 *Ga.* 295 (41 S. E. 580) ; *Brooke* v. *Lowry National Bank,* 141 *Ga.* 493 (6) (81 S. E. 223) ; *Davis* v. *Wright,* 194 *Ga.* 1 (4) (21 S. E. 2d, 88). The trial court erred in reforming the verdict of the jury in the instant case by substituting the improved lot in lieu of the unimproved lot which was described in the petition for divorce and awarded as alimony.

■ Counsel for the defendant insist, however, that, independently of reformation, the description in the petition for divorce, which was followed in the verdict of the jury and the decree of the court, was sufficient to convey title to the improved lot. In support of this contention they cite *Summerlin* v. *Hesterly,* 20 *Ga.* 689 (65 Am. D. 639) ; *Allen* v. *Lindsey,* 139 *Ga.* 648 (77 S. E. 1054) ; *Burson* v. *Shields,* 160 *Ga.* 723 (5) (129 S. E. 22) ; *Whitfield* v. *Maddox,* 189 *Ga.* 870 (8 S. E. 2d, 57) ; and several other

cases which hold in effect that a description of real estate is not void for uncertainty if it furnishes a key sufficient to identify the land. In the petition for divorce, the land sought to be recovered as alimony was described by giving the lot number together with the metes and bounds. Immediately following the above complete description, it was alleged: "That there exists against said property a loan in favor of the Jefferson Mortgage Company, originally in the sum of $4000, but reduced to approximately $3740; that said property is worth approximately $7500, and therefore there exists an equity therein of $2500 to $3000; that said property is presently rented to one Ralph R. Lockwood, who pays the defendant [named in the divorce suit] as rent the sum of $75 per month."

While it is alleged that each of the additional words of description applied to the improved lot, the facts set forth could have applied to unimproved property. "If two clauses in a deed are utterly inconsistent, the former shall prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." Code, § 29-109. Where a deed contains two. descriptions of the land conveyed, one general and the other particular, if there is any repugnance, the particular description will prevail. *Osteen* v. *Wynn,* 131 *Ga.* 209 (2) (62 S. E. 37, 127 Am. St. R. 212). "What is most material and ·most certain in a description shall prevail over that which is less material and less certain." *Thompson* v. *Hill,* 137 *Ga.* 308, 311 (73 S. E. 640). A general recital of quantity must yield to metes and bounds. *Benton* v. *Horsley,* 71 *Ga.* 619; *Ray* v. *Pease,* 95 *Ga.* 153, 170 (22 S. E. 190); *Baker* v. *Corbin,* 148 *Ga.* 267 (96 S. E. 428); *May* v. *Sorrell,* 153 *Ga.* 47, 53 (111 S. E. 810); *Blackwell* v. *Partridge,* 156 *Ga.* 119, 131 (118 S. E. 739). See generally, *Holder* v. *Jordan Realty Co.,* 163 *Ga.* 645 (136 S. E. 907); *Williams Brothers Lumber Co.* v. *Massey,* 179 *Ga.* 508 (176 S. E. 378); *Carswell* v. *Sanders,* 182 *Ga.* 251 (185·S. E. 282); *Patrick* v. *Sheppard,* 182 *Ga.* 788 (187 S. E. 379); *Warsaw Turpentine Co.* v. *Fort Barrington Club,* 185 *Ga.* 540, 543 (195 S. E. 755); *Sewell* v. *Sprayberry,* 186 *Ga.* 1, 9 (196 S. E. 796); *Wall* v. *Griffith,* 193 *Ga.* 11, 15 (17 S. E. 2d, 57). Applying these principles to the facts of the instant case, the stated metes and bounds are the particular and controlling words of description, and must control as against the general words of description as to a loan being on the land and the land being rented by a named tenant. While it may be unfor-

tunate that the present defendant, as petitioner in the undefended divorce action, failed to describe the improved lot of her husband, and by mistake described her unimproved lot, it is clear that the verdict of the jury awarded her the property she asked for, and is not capable of being so construed as to go beyond such finding and give it an intendment which the pleadings do not authorize.

■ Applying the rulings announced in the first and second divisions of this opinion, the trial judge erred in overruling the plaintiff's demurrer in so far as it sought to strike the averments of the defendant's answer which set forth that she was entitled to the improved lot because it had been awarded to her as alimony in the divorce suit.

■ The defendant's amended answer also averred substantially the following: On November 1, 1938, the improved lot was purchased and paid for by the defendant, and for convenience the title thereto was taken in the name of her then husband, it being intended that the defendant should be the owner of the property, and that her husband would hold the title thereto for her. A deed was delivered to the defendant, who at all times since has held the deed and has had actual possession of the improved lot. The above averments were not subject to demurrer on the ground that they failed to set forth any valid defense to the action in ejectment, and the trial judge did not err in overruling the plaintiff's demurrer in so far as it attacked such allegations as constituting no defense.

■ On the trial of the ejectment case, the evidence for the plaintiff was to the effect that the improved lot in question was purchased by the plaintiff with money that he borrowed from a named bank, and that the bank conveyed the property to the plaintiff after the termination of the divorce suit referred to in the preceding divisions of this opinion. On the question of whose money was used in the purchase of the lot, there was evidence for the defendant to this effect: She advanced money to her husband on several occasions with which to pay his personal debts. At one time she loaned him $1500, and at another time $1000. The money was not repaid to her. They discussed the purchase of the improved lot, and she sold certain shares of stock and turned $1000 over to her husband to be used in making a down payment. The husband, instead of doing so, purchased two unimproved lots with the $1000, taking a deed thereto in the defendant's name, and borrowed the money that was used in the purchase of the improved lot from a

named bank, taking title in his own name. The defendant asked him why he took the title to the improved lot in his name, and he replied that he did so to enable him to borrow money. The deeds to the improved and unimproved lots were turned over to the defendant, and she has been in possession of the deeds and property ever since. She testified further that a receiver, appointed in connection with the divorce suit, took possession of the improved lot for her, and she has since paid each of the monthly notes which matured against the improved lot; and that she has collected rent from the property. Under the above evidence, the most that can be said is that the husband became indebted to the defendant in the sum of several thousand dollars, on account of money she turned over to him with which to pay his personal obligations. The defendant does not say that the improved lot was purchased with money furnished by her under an agreement that title was to be taken in her name. Since the verdict of the jury did not award the defendant the improved lot, but a separate and distinct lot, and since the evidence discloses that the improved lot was not purchased with the defendant's money, no title is shown in her to such lot, and accordingly the trial judge erred in directing a verdict in her favor.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*