27715. SPARKS v. SPARKS.

SUBMITTED FEBRUARY 12, 1973 — DECIDED
MARCH 8, 1973.

*Joel A. Willis, Jr.,* for appellant.

*Adams, O'Neal & Hemingway, Kice H. Stone,* for appellee.

JORDAN, Justice. We affirm. The rules of construction which apply to a conveyance by deed are applicable to a conveyance included in the terms of a divorce decree. Under such rules "if the terms of the description are uncertain, the deed shall be construed most favorably for the grantee." *Ray v. Pease,* 95 Ga. 153, 171 (22 SE 190); *Thompson v. Hill,* 137 Ga. 308, 317 (73 SE 640). "Where

a deed contains two descriptions of the land conveyed, one general and the other particular, if there is any repugnance, the latter will prevail." *Osteen v. Wynn,* 131 Ga. 209, 213 (62 SE 37, 127 ASR 212). And, to the same effect involving a divorce decree, see *Harlan v. Ellis,* 198 Ga. 678, 681 (32 SE2d 389).

Under the facts in the present case in the light of the rules set forth above we treat the conveyance in the divorce decree as a contract of record subject to the same rules of construction as if it were a deed, and as if the parties are grantor and grantee. Assuming further that parol evidence was admissible, as submitted by the plaintiff, to show that "what is known as Baconsfield Park" excludes Commercial Tract A and B, it is obvious that this generalized description, when compared to the description in the will, is repugnant to the description in the will, and conveys less than the land described in the will. Under the rules in cases such as *Ray, Thompson,* and *Osteen,* supra, any mistake or discrepancy in the description must be resolved in favor of the grantee.

The trial court correctly held that the commercial Tracts A and B were included in the property described in the will as a "park and pleasure ground" and by reference were included in Item 3 of the divorce decree, and properly granted summary judgment for the defendant.

*Judgment affirmed. All the Justices concur.*