56784. PENNINGTON et al. v. WYNNE et al.

BIRDSONG, Judge.

This is a suit to recover an apportionment of the purchase price in a land sale because of a deficiency in the acreage. The deed called for 150.07 acres, more or less, referring to a plat recorded in Plat Book 4, page 13, Clerk's Office, Wilkes Superior Court. There was in fact a shortage of 27.51 acres or a deficiency of .1833144% of the entire tract. The case was tried before a jury. After the close of all the evidence, the court granted defendants' motion for a directed verdict. *Held:*

1. Appellants' enumeration of error no. 3 insists that the trial court erred in granting appellees' motion for a

directed verdict when there were questions of fact to be resolved by the jury. We agree.

A verdict should not be directed unless there is no issue of fact, or unless proved facts can sustain no other finding than directed. *Gibson v. Filter Queen Co.,* 109 Ga. App. 650 (136 SE2d 922).

The deed conveying the property in question was as follows: "All that tract or parcel of land lying and being in the 175th District, G. M., Wilkes County, Georgia, containing 150.07 acres, more or less, bounded North and Northeast by lands of Mrs. Thomas L. Seigler; East by lands of Mrs. M. T. Gresham, Jr.; South by lands of Carl Adams and others; and on the West by lands of Gayle Roberson, together with an easement of 70.6 feet in width, running from the Southwest corner of said land to U. S. Highway No. 378, said tract of land being more particularly described by reference to a plat of the same recorded in Plat Book 4, page 13, Clerk's Office, Wilkes Superior Court."

Appellants contend that this deed was a conveyance of "by the acre" and the appellees contend it was a conveyance "by the tract."

The Supreme Court of this state in *Harris v. Hull,* 70 Ga. 831, stated: "In construing conveyances of land, effect is to be given to every part of the description, if practicable; but if the thing intended to be granted appears clearly and satisfactorily from any part of the description, and other circumstances of description are mentioned which are not applicable to that thing, the grant will not be defeated, but those circumstances will be rejected as false or mistaken. What is most material and most certain in a description shall prevail over that which is less material and less certain.

"(a) Courses and distances and computed contents yield to ascertained boundaries and monuments."

Later in *Patrick v. Sheppard,* 182 Ga. 788 (187 SE 379), the Supreme Court had the following to say, "Where the descriptive clause in a deed contains particular words of description and also refers to a plat, and the plat is more definite than the particular words of description, and not inconsistent therewith, the description by plat controls in ascertaining the property conveyed by the deed."

Our Supreme Court has consistently held that a deed which contains two descriptions of land, one general and the other particular, if there is any repugnance, the particular description will prevail. *Harlan v. Ellis,* 198 Ga. 678, 680 (32 SE2d 389); *Osteen v. Wynn,* 131 Ga. 209 (2) (62 SE 37).

A general recital of quantity must yield to metes and bounds. Code Ann. § 29-201 provides: "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold cannot be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of wilful deception or mistake amounting to fraud; in this event the deficiency is apportionable; the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value."

Code Ann. § 29-202 states: "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost."

The deed in question in our opinion is subject to two possible interpretations, i.e., (a) the sale was a sale by the tract; (b) the sale was a sale by the acre.

A jury could have found either, and this should have been left to them.

In our opinion, the trial court was not authorized to decide the question as to whether or not the deficiency of 27.51 acres was "not so gross as to justify the suspicion of wilful deception or mistake amounting to fraud." Code Ann. § 29-201.

This court in *Zaban v. Coleman,* 27 Ga. App. 376 (5) (108 SE 555) held: "While the construction of a deed is a question for the court, yet whether certain real estate falls within the description recited in the deed may be a question of fact for the jury."

In *McConnell v. White,* 91 Ga. App. 92, 94 (85 SE2d 75), Chief Judge Felton speaking for this court stated: "The contention by the vendors that any shortage in the land is taken care of by the phrase 'more or less' [as was

stated in the deed in question] in the acreage description is without merit. Code § 29-201, which provides that the qualification 'more or less . . . will cover any deficiency not so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud,' does not apply to sales of land by metes and bounds. [Cits.] Further, description by metes and bounds controls over the quantity specified in the deed."

Appellants' Exhibit 1, which was admitted without objection, was a copy of a sales agreement dated September 28, 1971, from Harry B. Doster to Norris Bryan. The agreement stated that the price was to be $295 per acre based upon an attached plat recorded in Plat Book 4, p. 13. (Exhibit 1 contained a description of the land in question.)

Appellees' Exhibit 1, which was admitted without objection, was a copy of a sales agreement dated August 11, 1971, from Jack D. Wynne, Evelyn W. Randall and Annie Sue W. Satterfield to Harry B. Doster. The agreement stated that the price was to be $295 per acre based upon an attached plat recorded in Plat Book 4, p. 13. (Appellees' Exhibit 1 likewise contained a description of the land in question.)

This was competent evidence which the jury could have used in determining whether the sale in question was "by the tract" or "by the acre."

In *Seegar v. Smith,* 78 Ga. 616 (1) (3 SE 613), the Supreme Court held, "Where in a suit for the purchase price of land, the defendant alleged that he purchased the land as fifty acres at eight dollars per acre, and that there were only about thirty acres, while the plaintiff contended that the entire tract was sold, estimated to contain fifty acres, more or less, it was admissible to prove that, on the same day when the sale was effected, the plaintiff offered to sell the land to another person by the acre instead of by the tract." See also *Owens v. Durham,* 9 Ga. App. 179 (70 SE 989).

This evidence could have been used by a jury in reaching its decision and presented questions of fact to be determined not by the trial court but by the jury.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED OCTOBER 12, 1978 — DECIDED FEBRUARY 23, 1979.

*Lambert & Carter, E. R. Lambert, James E. Carter,* for appellants.

*Jean W. Pierce,* for appellees.