## 62112. BOSWELL v. BRYANS et al.

BIRDSONG, Judge.

Appellant filed a suit for acreage deficiency in the sale of land. The trial court denied the appellant's motion for summary judgment by which appellant sought to establish that the sale was a sale by acre, the reason being given by the trial court that the sale was a sale by tract of land. *Held:*

By warranty deed the appellee conveyed: "All that certain tract or parcel of land . . . situate and being in the 163rd District, G. M., of Greene County, Georgia, about three (3) miles South from Greensboro, Georgia, containing SEVEN HUNDRED THIRTY AND 75/100 (730.75) ACRES, more or less, . . . (here ensues a description of physical boundaries) . . . LESS AND EXCEPT 12.75 acres, leaving a balance of Seven Hundred Eighteen (718.00) acres conveyed herewith, said 12.75 Acres lying on the Northeast side of the

herein described property . . .'"

The defendants admitted that the $315,920 purchase price was arrived by multiplying 718 acres by $440 per acre. By survey subsequent to the sale, appellant apparently discovered that the original tract was actually 717.28 acres, for when 12.75 acres was excepted from it, he was 13.47 acres short of 718.

Whether property is sold by the tract, or is sold by the acre so as to entitle the purchaser to an apportionment of the price for deficiency of acreage, is usually a jury question. *Pennington v. Wynne,* 149 Ga. App. 151, 153 (253 SE2d 830). But in this case, while it might seem that the property sold was a particular tract (less 12.75 acres), it is plain and undeniable that the seller conveyed and the appellant bought precisely 718 acres for the precise amount of $440 per acre. The original undisturbed tract was represented as 730.75 acres "more or less," but what was *conveyed* was 718 acres.

Code § 29-201 provides simply that "if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract . . . a deficiency in the quantity sold cannot be apportioned." The next provision in the statute ("If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of wilful deceit, or mistake amounting to fraud") is not available to this seller as a rule of law, because as we have said the *quantity sold* was not described as "more or less" in this deed, but was described as 718 acres precisely.

This sale was a sale by acre. See, as to a similar conveyance, *Burgess v. Calhoun Nat. Bank,* 154 Ga. 193 (2) (113 SE 800). The warranty deed conveys 718 acres and the purchase price was admitted by the seller to be $440 times 718. The seller did not convey a tract of land but conveyed 718 acres out of a "certain tract or parcel of land" which certain tract or parcel he described as being 730.75 acres "more or less," and from which he excepted 12.75 acres. If the seller was in error as to how many acres the original tract contained, then it is certain he could not except 12.75 acres from it and convey 718 acres to the appellant. Whether the parties intended that everything of the tract be conveyed except 12.75 acres, or whether they intended that the appellant purchase 718 acres of the tract and the seller keep whatever would be left, is a good question; but what is certain is that the appellant bargained for and paid $440 per acre for 718 acres precisely, not "more or less," based on a calculation of *acres* and not on the description of a tract. If he did not get 718 acres in his purchase, then obviously a mistake was made, and since he bargained and paid for 718 acres, he is entitled to apportionment under Code Ann. § 29-201.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 28, 1981.

*David G. Kopp,* for appellant.
*William A Prior, Jr.,* for appellees.