## Tanner *vs.* Bell *et al.*

Though the vendee of land, at the same time the conveyance to him is executed, mortgages the land to the vendor to secure the purchase money, and the mortgage is duly recorded at once, the vendee, having an absolute deed of conveyance, is the owner, within the meaning of the lien laws of this state ; and in the distribution of the proceeds of a judicial sale of the land, including improvements erected thereon with materials furnished to such owner by a third

person without actual notice of the prior mortgage, the lien of the mortgage is postponed to the lien of the material man, the latter lien having been recorded and sued to judgment in due time and manner.

Vendor and purchaser. Mortgage. Lien. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

This was a contest upon a money rule in favor of Tanner against the sheriff, requiring him to show cause why he should not pay over certain funds in his hands, the proceeds of property of Pollock, trustee, sold under execution. Tanner held a mortgage *fi. fa.*, and Bell and Jennings & Ashley, executions based on the foreclosure of liens of material-men. The facts upon which the case turned are sufficiently indicated in the above head-note.

Judge Hillyer gave preference to the liens of the material-men, and Tanner excepted.

G. A. HOWELL, for plaintiffs in error, cited, acts of 1873, p. 42, §§1, 2, 7, 19 & 20 ; 21 *Ga.*, 408 ; Phillips on Mec. Liens, §§225, 245, 246 ; 13 Wis., 277 ; 11 Tex., 597 ; 25 Tex., 629 ; 20 Ill., 53 ; 6 Mich., 402 ; 50 Penn., 258 ; 36 *Ib.*, 247 ; 69 *Ib.*, 471 ; 4 *Ib.*, 126 ; 20 N. J. Eq., 13 ; 5 Cal., 511 ; 4 Nev., 31 ; 6 Minn., 402 ; 5 Ark., 217 ; 11 *Ga.*, 45 ; 19 *Ib.*, 591 ; 39 Mo., 170.

REINHARDT & HOOKS ; FRANK A. ARNOLD, for defendants, cited Code, §§1980 (4), 1994, 3654 ; 14 *Ga.*, 156 ; 52 *Ib.*, 656 ; 54 *Ib.*, 306 ; 56 *Ib.*, 24 ; 42 *Ib.*, 435.

BLECKLEY, Justice.

Section 1979 of the Code gives the liens (among others) which the material-men asserted in this case : and the next section declares their rank as follows : "Said liens specified in said preceding section shall be inferior to liens for taxes, to the general and special liens of laborers, to the general

lien of landlords for rent, when reduced to execution and levied, to claims for purchase money due persons who have only given bonds for titles, and to other general liens, when actual notice of such general lien of landlords and others has been communicated before the work was done or materials furnished; but the said liens provided for in said preceding section shall be superior to all other liens not herein excepted." Now a mortgage lien for the purchase money, where a conveyance and not a mere bond for titles, has been executed by the vendor, is certainly one of the "other liens not herein excepted." It follows that such mortgage lien must yield.

Judgment affirmed.