# WOOTEN, trustee, *v.* SOLOMON.

1. Where a deed describes the lot conveyed by metes and bounds, and refers to a plat as representing them, the reference is not to enlarge or diminish the effect of the descriptive words of the conveyance, but to give them efficacy, and the operative words are found in the deed itself.

2. Where a civil engineer who made a survey and plat testifies that the same are correct, the plat is admissible in evidence.

3. After both sides close and argument is begun, it is in the discretion of the court to reopen the case to let in more testimony. The court did not abuse his discretion in this instance.

4. The court of his own motion directed the jury to be brought into the court-room after they had been deliberating for four hours. After inquiring as to the existence of any difference among them concerning any issues of fact, he stated that it was their duty to determine all issues of fact, and sent them back to their room. This action of the court did not amount to coercion of a verdict.

5. The various rulings were without substantial error, and the verdict is supported by the evidence.

FEBRUARY 12, 1913.

Complaint for land. Before Judge Felton. Bibb superior court. December 1, 1911.

*W. G. Smith* and *Nottingham & Nottingham,* for plaintiff.

*Minter Wimberly* and *Jesse Harris,* for defendant.

28

EVANS, P. J. The action is complaint for land by A. L. Wooten, trustee, against Mrs. Gussie Solomon, and the locus in quo is a small lot of land 20 by 34 feet lying in the rear of the premises of the litigants. Both parties derive their title from Mrs. M. R. Rogers. Mrs. Rogers owned a lot of land, rectangular in shape, on the corner of Cherry and Spring Streets in the City of Macon. In 1898 she conveyed by warranty deed to the Union Savings Bank & Trust Company the following described property: "Those two (2) lots of land in said State and County, and in the City of Macon, being part of lot six (6), Square sixty-nine (69); one fronting thirty-four (34) feet on Spring Street and running back same width one hundred and five (105) feet, and bounded North and East by lot formerly belonging to Kirthland, and South and Southwest by Mrs. Rogers. And one fronting forty (40) feet on Cherry Street, running back same width one hundred and eleven (111) feet along lot of formerly Alex. Stephens, now Merkel, and bounded Northwest by Mrs. Rogers and Southeast by said Merkel's lot; the depth of said lots being measured from the present line of Spring and Cherry Streets as fixed by encroachments on same; said lots being shown by following plat." The plat represented the whole area of the Rogers land as being 111 by 105 feet, depicting a rectangle included therein marked "Mrs. Rogers," which was surrounded on two sides by the other portion of the land, which appears as a single lot without any mark to denote a division into two parts. The plat also contained a symbol indicating that Spring Street bounded the whole area on the northeast. At the time this conveyance was made Mrs. Rogers lived on the land, and a part of her dwelling-house extended over a portion of the land appearing in the plat as conveyed by the deed. It occupied the space 34 by 20 feet (which is the land in controversy), lying immediately above the lot of 40 by 111 feet, about which there is no contention. In 1906 Mrs. Rogers conveyed the balance of her land, including the locus in quo, to Mrs. Gussie Solomon; and in 1907 the bank hereinbefore named conveyed to the plaintiff the lot fronting on Spring Street, and described as extending back 105 feet from Spring Street.

The controlling point of the case is the determination of what land was conveyed by Mrs. Rogers to the bank, as appears from her deed as applied to the subject-matter of the litigation. As

there is no controversy about the description and location of the lot fronting Cherry Street, no further notice will be taken of it. The Spring Street lot is to extend 105 feet from the line of Spring Street as fixed by encroachment on it at the time of making the deed. As the deed only purports to convey a lot 105 feet in depth from the Spring Street line as fixed by existing encroachment, the extent of the rear projection depends on the location of that line. Evidence was received that in 1890 the city made to Mrs. Rogers a deed of encroachment to 20 feet in front of her property; the description of which in the record is very indefinite. There was testimony to the effect that a prior owner of the property had in 1856 applied for an encroachment of 40 feet, and a committee of the city council had conditionally recommended it. Two civil engineers who had been officially connected with the city testified that the last encroachment, that of 1890, was located 30 feet from the street center, and that the property line of Spring Street at the time of this conveyance was located 30 feet from the street center. They further testified that the lot in the possession of the plaintiff and covered by his muniment of title fronts Spring Street 34 feet, and extends back 105 feet, and that the locus in quo is not covered by the deed from Mrs. Rogers to the bank.

1. The contention is made that there is a conflict in the deed between the descriptive words and the plat, and that the latter, being more definite, must control. In the first place, we do not think that the plat is as definite as the writing in defining the property conveyed. The writing declares that two separate lots are conveyed, and their exact dimensions and boundaries are given. It is further stated that the property line with respect to the streets shall be located by existing encroachments. The plat is not given by way of more particular description, but as a pictorial representation of what has been described. It is not intended to conflict with the written description, and should not be so considered. But if the plat conflicts with the previous particular description, the lot must be located according to the particular description. Where a deed describes the lot conveyed by metes and bounds and refers to a plat as representing them, the reference is not to enlarge or diminish the effect of the descriptive words of the conveyance, but to give them efficacy, and the operative words are found in the deed itself. *Thompson* v. *Hill,* 137 *Ga.* 308 (73 S. E. 640) ; Ken-

yon *v.* Nichols, 1 R. I. 411; Hale *v.* Swift, 23 Ky. Law R. 497 (63 S. W. 288).

It will be borne in mind that the question is not whether the city was bound by the encroachment of Mrs. Rogers on the street prior to the last one as fixed by the proper authorities. Mrs. Rogers was in possession of certain land, and she was conveying that land. Both parties admit that Mrs. Rogers had title to the land conveyed; so that there is no dispute about the title. The controversy is over the location of the land conveyed by her deed. According to the location of the land as found by the jury, the plaintiff is given a lot extending 105 feet back from the Spring Street line, the full extent of the calls of the deed to his grantor from Mrs. Rogers, and the defendant is given land which has been in the adverse possession of Mrs. Rogers and herself for more than thirty years.

2. The superior-court rule (Civil Code, § 6314), that no survey shall be received in evidence unless it appears that at least ten days notice of the time of making the survey was given to the opposite party, refers to official surveys. An official survey made after proper notice is admissible on a certificate of its correctness by the officer. But a plat of a survey, though not made by an officer or after notice, when the person who made it testifies that it is correct, is admissible in evidence. *Maples v. Hoggard, 58 Ga.* 315.

3. The evidence was concluded and one argument had been made when the court took a recess until the next morning. Upon the assembling of court a motion was made to reopen the case to allow evidence concerning the city records as bearing on the street encroachment in front of this lot. The court refused the motion. After both sides close and argument has begun, it is in the discretion of the court to reopen the case to let in more testimony. The court's discretion was not abused in this instance, as the evidence related to a matter which permeated the whole case, and no sufficient excuse was given why the records were not earlier investigated. Besides, the evidence was not of such a character as necessarily would compel a different verdict.

4. After the jury had been deliberating about four hours, they were directed to be brought into the court-room by the judge of his own motion. In a preliminary inquiry as to whether there was any difference among the jurors concerning any question of fact, the

court stated that it was their duty to determine such issues of fact. The jury returned to their room and subsequently made a verdict. It is contended that this conduct of the judge amounted to·coercion of a verdict.. Manifestly it did not.

5.   The case was fairly tried, and the controlling points clearly submitted.   The various rulings complained of are without substantial error, and the evidence supports the verdict.   The court did not abuse his discretion in refusing a new trial.

*Judgment affirmed.   Beck, J., absent.   The other Justices concur.*