## WILLIAMS BROTHERS LUMBER COMPANY *v.* MASSEY *et al.*

ATKINSON, J. M. executed a deed purporting to convey as security for a debt "all that tract or parcel of land lying and being in the City of Atlanta, in land lot 238 of the 15th district of DeKalb County, Georgia, known as lot No. 11 in Block 3 of the Oakwood Terrace Subdivision, as per plat recorded in plat book 7, page 72 DeKalb County Records, and more particularly described as follows: Beginning at a point on the south side of Palifox Drive, 550 feet east of the northwest corner of said block, and running thence east along the south side of Palifox Drive 50 feet; thence south 170 feet; thence west 50 feet; thence north 170 feet to the south side of Palifox Drive and the point of beginning." The deed was duly recorded. The particular boundaries set forth in the second paragraph did not in fact include any part of lot number eleven, but were applicable to an adjacent lot number ten shown on the plat to be of the same dimensions, which two days previously M. had conveyed to another person. *Held:*

1. The description being contained in a deed, the first clause when considered in connection with the recorded plat referred to therein, is a complete description and should be given effect as an expression of the intention of the parties as to the property intended to be conveyed. The boundaries stated in the second clause do not refer to extraneous matter

more definitely defining which of the two lots it was intended to convey, and consequently are ineffectual to destroy the definite description contained in the first clause. *Holder* v. *Jordan Realty Co.*, 163 *Ga.* 645 (136 S. E. 907); *Thompson* v. *Hill*, 137 *Ga.* 308 (73 S. E. 640); *Harris* v. *Hull*, 70 *Ga.* 831; *Haley* v. *Ray*, 142 *Ga.* 390 (82 S. E. 1058); 8 R. C. L. 1082, § 137.

2. The paper was entitled to record and was duly recorded.

3. The effect of the security deed was to convey legal title to the grantee of M., and it differs from a mortgage which merely creates a lien. *Bennett Lumber Co.* v. *Martin*, 132 *Ga.* 491 (64 S. E. 484). In the instant case, a contest between materialmen and the holder of a duly recorded security deed, based on competition between that deed and the lien duly declared and foreclosed, the holder of the security deed was entitled to prevail. *Marbut-Williams Lumber Co.* v. *Dixie Electric Co.*, 166 *Ga.* 42 (4) (142 S. E. 270). The case differs from *Tanner* v. *Bell*, 61 *Ga.* 584, in which the contest was between a mortgage and liens of materialmen. In view of the difference between such instruments, it is immaterial in this case that the materialmen did not have actual notice of the security deed until after the material had been furnished.

4. As against the holder of the security deed, the judge erred, while trying the case on an agreed statement of facts, in giving priority to the liens of materialmen for material furnished in making improvements on lot number eleven.

*Judgment reversed. All the Justices concur, except Hutcheson, J., disqualified.*

No. 9943. September 19, 1934.

*Drennan & Giles*, for plaintiff in error.

*W. S. Northcutt, Marvin G. Russell*, and *Charles G. Bruce*, contra.