### 19085. DUKE *et al. v.* WILDER.

ARGUED SEPTEMBER 13, 1955—DECIDED OCTOBER 11, 1955—
REHEARING DENIED NOVEMBER 16, 1955.

*J. Neely Peacock, Jr.,* for plaintiff in error.
*Burt & Burt, H. P. Burt, W. H. Burt,* contra.

CANDLER, Justice. On November 20, 1954, William L. Wilder, for a consideration of $1.00, and a stated amount of rent to be paid monthly, leased to W. L. G. Davis for a term of nine years, with the right to renew the same for a term of five additional years, part of building lots 1 and 2 of Block "W/C" of the Wildcross Subdivision in the City of Albany, Georgia, without any reservations. The lease described the premises as follows: "Parts of building lots Nos. 1 and 2 of Block 'W/C', as shown by the sketch attached hereto, covering land and improvements within boundaries starting at the s/e corner of the intersection of Slappey Drive and Dawson Road and running 165 feet southward along the east side of Slappey Drive; thence eastward 115 feet; thence n/eastward 87½ feet to the south side of Dawson Road; thence n/westward along the south side of Dawson Road 187½ feet to the point of beginning." The lease recites that the lessor and lessee agree to cancel a previous lease agreement between them of December 15, 1948, and all amendments thereto, concerning the use and improvement of building lot No. 1 of Block "W/C" of the Wildcross Subdivision and to substitute the lease of November 20, 1954, therefor. By consent of the lessor, the lessee transferred and assigned the new lease agreement to Aron Duke and Phyllis Duke. This suit for injunctive relief was instituted by Aron Duke and Phyllis Duke against William L. Wilder, the lessor. The amended petition alleges in substance that the defendant is erecting a concrete wall across the leased premises, which will cut off 1,609.8 square feet; that he has no right to do so; that it will seriously interfere with their use of the property for filling-station purposes; and that they will suffer irreparable injury and damage in consequence of the defendant's wrongful act, since it will deprive them of access to that part of their station where they have certain equipment installed. The defendant contends that there was attached to the lease a sketch which described the leased premises as follows: Beginning at the southeast corner of the intersection of Slappey Drive and Dawson Road; thence southward along the east side of Slappey Drive 165 feet; thence eastward 115 feet; thence northeastward 65.8 feet to Dawson Road; thence northwestward along the south side of Dawson Road to the place of beginning. There is a dispute in the evidence as to whether or not a "sketch" was actually

attached to the lease agreement. The plaintiffs contend that it was not attached; the defendant contends that it was; but as we view the case, this is not important. The defendant's pleadings and the evidence show that he was, when this litigation was instituted, erecting a concrete wall about 10 inches high along the south and east line of the leased premises as those lines are fixed by the sketch, a wall which would in fact cut off 1,609.8 square feet from the premises embraced within the express descriptive averments of the written lease agreement. The court refused to grant an interlocutory injunction, and the exception is to that judgment.

There is no contention that the lease agreement is invalid for any reason, nor that the plaintiffs are not the holders of it. Likewise, there is no contention that it would not be a continuing trespass for the defendant to enter upon the leased premises and commit the act complained of, and it is well settled that equity will enjoin a continuing trespass. *Gainesville Midland R. Co.* v. *Tyner*, 204 *Ga.* 535 (1) (50 S. E. 2d 108), and cases there cited.

Assuming that the sketch relied upon by the defendant for a description of the leased premises was in fact attached to the lease agreement, it is nevertheless well settled in this State that, when a lease describes the premises by metes and bounds, such description will prevail over that of an attached sketch or plat when they differ in describing the premises. In *Wooten* v. *Solomon*, 139 *Ga.* 433 (1) (77 S. E. 375), where the descriptive averments of a deed and a plat attached thereto were different, it was held: "The plat is not given by way of more particular description, but as a pictorial representation of what has been described. It is not intended to conflict with the written description, and should not be so considered. But if the plat conflicts with the previous particular description, the lot must be located according to the particular description. Where a deed describes the lot conveyed by metes and bounds and refers to a plat as representing them, the reference is not to enlarge or diminish the effect of the descriptive words of the conveyance, but to give them efficacy, and the operative words are found in the deed itself." To the same effect, see *Harris* v. *Hull*, 70 *Ga.* 831; *Thompson* v. *Hill*, 137 *Ga.* 308 (73 S. E. 640), and *Copeland* v. *Carpenter*, 206 *Ga.* 822 (59 S. E. 245), and citations. Since it is admittedly true

that the wall was being erected by the defendant on the premises described in the written lease agreement, the court should have granted a temporary injunction to prevent the erection thereof; it was error not to do so.

*Judgment reversed. All the Justices concur.*