19261, 19273.  JOHNSON, Trustee *v.* WILLINGHAM *et al.*
WILLINGHAM *et al. v.* JOHNSON, Trustee *et al.*

CANDLER, Justice. J. Herbert Johnson, Trustee, A. P. Jackson, and M. T. McClelland filed a petition for injunctive relief against George W. Willingham and Kathleen Willingham. So far as it related to them, the plaintiffs Jackson and McClelland voluntarily dismissed the petition. As to the plaintiff Johnson, Trustee, and so far as they need be stated, the allegations of the original petition are in substance as follows: The defendants have completely barricaded an unnamed public street in the City of Atlanta by placing obstructions in both ends of it. They have

also threatened force to oppose use of the street, but with respect to this allegation the petition does not allege that any overt act has been committed by the defendants or either of them. The plaintiff owns improved realty which abuts the obstructed street, and has leased it to a named company whose daily operations are being seriously hampered by the defendants' obstructing act, which deprives it of the right of ingress and egress. The plaintiff has no adequate and complete remedy at law and resort to a court of equity is therefore necessary. Judge Shaw, to whom the petition was presented, granted a restraining order, but expressly stated: "Nothing herein requires the removal of any physical structures existing prior to date of this order." By an amendment to the petition, it is alleged that, since the restraining order was granted, some members of the public whose "exact" names are unknown to the pleader have removed the obstructions complained of, and the defendants are threatening to and would, except for Judge Shaw's restraining order, again place obstructions in said street. General and special demurrers were interposed to the petition and renewed to it as amended. The court sustained the grounds of general demurrer, some of the grounds of special demurrer, overruled other grounds of special demurrer, and dismissed the amended petition. The plaintiff excepts to the rulings adverse to him, and the defendants by cross-bill except to the rulings adverse to them. *Held:*

1. Any permanent structure in a street which materially interferes with travel thereon is a public nuisance. *City Council of Augusta* v. *Reynolds,* 122 *Ga.* 754 (50 S. E. 998); *Williamson* v. *Souter,* 172 *Ga.* 364 (3) (157 S. E. 463). And it is settled law that an individual may apply to the proper court for the abatement of a public nuisance when he shows special damages resulting to himself from its existence. *Moon* v. *Clark,* 192 *Ga.* 47 (14 S. E. 2d 481). In this case the petition alleges that the plaintiff Johnson, Trustee, acquired his land on July 19, 1951, by a warranty deed, which describes its northeastern boundary line as abutting on the 25-foot unnamed street; and that all conveyances appearing in his chain of title since March 16, 1925, likewise locate the same boundary line. However, the deed to him from his immediate grantor has attached thereto a plat made by C. R. Roberts on June 28, 1951, which describes his tract slightly differently from the metes and bounds description contained in the deed. The plat shows that his northeast boundary line only corners at one point on the 25-foot unnamed street, and that there is a very narrow strip of land between his northeast line and the unnamed street. For this reason, the defendants contend and argue that his land does not abut the unnamed street, and that he has therefore sustained no special damages from the obstructions placed in it. We will now dispose of this contention by holding that, where a deed, as here, fully describes the land conveyed by metes and bounds and refers to an attached plat representing them, the reference is not to enlarge or diminish the effect of the descriptive words of the conveyance, but to give them efficacy, and the operative words are found in the deed itself, and the metes and bounds description contained in the deed will prevail over the description shown by the plat where there is a difference in the two. See *Duke* v. *Wilder,* 212 *Ga.* 26 (90 S. E. 2d 12), and the cases there cited. Accordingly, the petition alleges facts which are sufficient to show that the

plaintiff's land abuts the obstructed street. Hence, we hold that the pleaded facts show that the plaintiff had and was suffering special damages from the defendants' obstructing act when this litigation was instituted.

2. There is no merit in the contention that the trial judge erred in dismissing the amended petition on general demurrers interposed thereto, which, among others, alleged that it failed to state a cause of action for injunctive relief, and that the plaintiff had an adequate and complete remedy at law. As the petition shows, the obstructions complained of were fully completed when this suit for injunctive relief was filed. They were placed in a street in the City of Atlanta, a city which we judicially know has a population of more than 20,000, is governed by a mayor and a board of aldermen, and has a recorder and a recorder's court. Section 72-401 of the Code of 1933 provides that, where the nuisance complained of exists in a city having a population of 20,000 or more, the police court of such city, whether known as a mayor's court or recorder's court or otherwise designated, shall have jurisdiction to hear and determine the question of the existence of such nuisance and, if found to exist, to order its abatement, which order shall be directed to and executed by the sheriff or the marshal of said town or city, or his deputy. And the amendment to the petition, which alleges that the defendants are threatening to and would, except for Judge Shaw's restraining order, again place obstructions in the unnamed street fails to breathe life into the plaintiff's lifeless petition. See Code §§ 81-1302, 81-1303; *Atkinson v. Drake,* 212 *Ga.* 26 (89 S. E. 2d 888).

(*a*) The defendants' threatened act to prevent use of the street by force, which they have not followed up by any overt act, being a mere apprehension of injury to property or property rights, will not authorize the grant of an injunction. *Wallace* v. *City of Atlanta,* 200 *Ga.* 749 (38 S. E. 2d 596); *City of Brunswick* v. *Anderson,* 204 *Ga.* 515 (3) (50 S. E. 2d 337), and citations; *Nottingham* v. *Elliott,* 209 *Ga.* 481 (74 S. E. 2d 93). In *Nottingham's* case, supra, which involved a controversy respecting the boundary line between adjacent tracts of land, the plaintiff alleged that the defendant had threatened to shoot his agent if he entered upon the land in dispute for the purpose of cutting timber; and that the plaintiff had recently moved a sawmill on the disputed boundary, but had moved it off because of the defendant's threats of violence. There, this court said that by numerous decisions it was well settled that a bare threat of injury to property or property rights, which, if followed up by an overt act would work irreparable injury, affords no basis for equitable relief by injunction or otherwise.

3. It follows from what has been held in division 2 that the court did not err in dismissing the amended petition on general demurrer.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur, except Almand, J., who dissents from the ruling in the second division of the opinion, and from the judgment of affirmance on the main bill; and Wyatt, P. J., not participating.*

ARGUED FEBRUARY 14, 1956—DECIDED MARCH 13, 1956.

*Stanley Meyerson, J. Herbert Johnson,* for plaintiff in error in case No. 19261.

*Durwood T. Pye, Wm. G. Grant,* contra.

*Durwood T. Pye,* for plaintiff in error in case No. 19273.

*Stanley P. Meyerson, Inez M. Davis & Louis LaMarr, J. Herbert Johnson,* contra.