DEPARTMENT OF HIGHWAYS; MASHETER, DIR., *v.* THE ASHLAND PIPE LINE CO.

(No. 40929—Decided January 26, 1965.)

*Mr. William B. Saxbe,* attorney general, and *Mr. Harold B. Talbott* and *Mr. Robert H. Whitney,* for plaintiff.

*Messrs. Vorys, Sater, Seymour & Pease,* for defendant.

MAYER, J. Defendant has filed a motion herein under Section 2311.041, Revised Code, asking for summary judgment upon the pleadings and the stipulations of the parties. Said statute provides that a party against whom a cause of action is asserted may, after the action is at issue, move for a summary judgment and goes on to provide that a summary judgment shall be rendered where the proceedings, admissions, etc., show there is no genuine issue as to any material fact and that the party moving is entitled to judgment as a matter of law.

Examination of the pleading and stipulation herein reveals there is only one issue of fact: whether the pipe line of The Ashland Pipe Line Company lay inside or outside the right of way of Hanley Road. It is the contention of defendant that this is not a material fact, because regardless of who would prevail on this question, defendant still would be entitled to judgment as a matter of law, in that, if defendant is correct it makes no difference whether the pipe line was inside or outside the right of way of Hanley Road. For the purposes of this motion only, defendant stated in its brief that it will assume that the pipe line in question lay within the right of way of Hanley Road.

Briefly, a resume of the factual situation follows: Hanley Road was dedicated to public use in 1832, its right of way being 60 feet in width. Prior to its relocation, it intersected with State Route 13 at grade and at right angles. The director spread upon his journal, in June of 1957, the establishment of State Route No. 1 (Interstate Route 71) through Richland, Ashland, Wayne and Medina Counties.

After plans and specifications were prepared for the construction of Interstate Route 71, the relocation of Hanley Road, the interchange ramps, drainage, and other facilities incident to construction, the director acquired rights in private lands as follows:

(1) Fee by deed of lands of Walter Griffith, May 22, 1958.

(2) Easement by appropriation over lands of Nellie Harbaugh, et al., with right of entry on May 16, 1958.

(3) Easement by appropriation over lands of Allen R. Williams, et al., with right of entry on May 16, 1958.

(4) Easement over lands of Charles F. Williams, transferred on May 1, 1958.

In acquisition of each of the above, lands were described to the center line of Hanley Road.

On April 29, 1958, a contract was let for a portion of interstate 71 project, which included the relocation and reconstruction of Hanley Road. Construction began on June 16, 1958.

The Ashland Pipe Line Company was notified on July 10, 1958, pursuant to order entered on the journal of the director, that its pipe line interfered with construction and, among other things, of the relocation of Hanley Road, and that it should proceed to remove its pipe line. Defendant did not comply. The director, pursuant to what he terms the authority vested in him under Section 5515.02, Revised Code, proceeded in July of 1958 to remove and relocate said pipe. The cost was $33,-152.33.

On August 24, 1960, the Board of County Commissioners of Richland county adopted a resolution respecting the abandonment of the location and use of Hanley Road where it intersects the right-of-way for State Route 1, and pertaining to establishing new location of Hanley Road over the right-of-way acquired for its relocation. (For further action of the Board of County Commissioners on September 21, 1960, as to abandonment and establishment see Stipulation filed herein.)

It is agreed by the director that the location of the pipe line is not at issue at the present time since defendant assumed for the purposes of this motion that it lay within the right-of-way of former Hanley Road. He then asserts that the disposition of the cause now appears to turn upon the question whether he as director had control of the right-of-way (in which the pipe line was located) at the time he issued the removal notice under his reliance upon Section 5515.02, Revised Code.

Counsel for defendant take the firm stand that the state has no right to recover from defendant the costs it incurred in relocating the pipe line, when the director, pursuant to Chapters 5511 and 5519, Revised Code, undertook to establish and construct as a part of the state highway system a new highway known as State Route 1 and also known as Interstate 71, which, as laid out by the director, crossed an old road known as Hanley Road in Richland county and crossed the pipe line of defendant. The director felt old Hanley Road should be moved so it would

cross under Interstate 71 at a different place from where said Hanley Road was situated in 1958.

Stipulation No. 4 states the only reason for moving the pipe line was in order to construct Interstate 71. Had it not been for the construction of Interstate 71, it would not have been necessary to relocate the pipe line of The Ashland Pipe Line Company.

The petition filed herein specifically alleges the director relocated said pipe line "through the provisions of Section 5515.02, Revised Code." Further, the stipulation filed herein states the request made by the director to the defendant to relocate the line was made "according to the provisions of Section 5515.02, Revised Code." Clearly, the record shows the director was acting only under Section 5515.02, Revised Code, and accordingly it must follow that if plaintiff has authority in this case it must be derived from such section. Unless so derived, recovery cannot be had, and defendant would be entitled to judgment herein.

The state would have no right to recover for the cost of relocation of the pipe line unless the right was specifically granted by statute. In 1959 the Attorney General of Ohio rendered an opinion (No. 632) with respect to relocation of railroad tracks, and held that Section 5515.02, Revised Code, provides the only authority for the director in such instances.

In the instant case, the pipe line, if it lay within any public road, lay within the Richland County road known as Hanley Road and had never been within any part of the state highway system.

In the opening sentence of Section 5515.02, Revised Code, it is provided the director can impose the costs of relocating facilities upon those "using or occupying any part of a road or highway of the state highway system."

Section 5547.03, Revised Code, gives county commissioners, and no one else, the right to recover the cost of removing pipe lines from county roads.

This court has no quarrel with the theory of progress in highway development advanced by the Attorney General in his brief in which he makes reference to Judge Hanna, speaking for the Court of Common Pleas of Cuyahoga county, on the construction of Section 1178-21, General Code (now Section 5511.02,

Revised Code). But the factual situation in the instant case distinguishes the applicable principles. Argument advanced indicating that the rights and duties of the Director of Highways and county commissioners and township trustees must be lumped together and considered as a whole, rather than examined separately to determine what rights and duties are given by statute to each authority with respect to the roads placed under its respective jurisdiction, falls short of supporting authority and sound reason. A search for statutory authority lumping these various rights and duties together is like looking for a black hat in a dark room. On the contrary, the Legislature has thrown the spotlight on three specifically divided categories and divided the powers with respect to roads into: state highways over which the director is given exclusive power; county roads over which county commissioners are given exclusive powers; township trustees are given exclusive power over township roads. Separate chapters under the Code deal with the powers of each body or person under his or its jurisdiction.

It is the contention of the Attorney General that defendant is now without standing to question the director's lack of authority. It does not appear to this court that such argument is well taken. The instant action was brought against this defendant. Realistically, defendant is not asserting anything in this case, but is denying that the petition, stipulation and affidavits bring the case within Section 5515.02, Revised Code. Let us remember the action was brought under the provisions of that statute and plaintiff to recover must bring himself within the provisions thereof, and certainly defendant would not be precluded in this action from denying that he has done so.

The mere claim of the director of authority to assume control over county roads to establish a new state highway does not ripen per se into such authority. And such would not exist in the absence of statute specifically giving the director such right.

In *Hulbert* v. *Linzell*, 167 Ohio St. 350, it was held the director lacked control over township roads in establishing the same highway as the one involved in this case. After that decision, and long after the action taken in the instant case, Section 5553.041, Revised Code, was enacted, giving the director the right to petition county commissioners to vacate county highways, with provision for appeal if the board refuses to do so.

Thus, considering the facts of the instant case with reference to the establishment of State Route 1 and their relation to Hanley Road it clearly appears the director was without authority then to assume control over county roads.

Can Hanley Road be considered an approach to State Route 1 so as to give the director authority and the right under Section 5501.01, Revised Code, to alter county roads with which a limited access highway intersects? That section merely defines road or highway as including bridges, viaducts, grade separations, appurtenances and approaches on or to such highway. There is nothing contained in the petition herein, stipulation or affidavits, which suggest Hanley Road is an approach as that word is used in such section. If "approach," as used in Section 5501.01, Revised Code, includes Hanley Road then it would necessarily follow that it would include every county road from which it is possible to gain entrance to a state route. It is common knowledge that such would include most of the county roads in Ohio. The word must be construed with the accompanying words in the statute. An "approach" means a road devoted solely to gaining access to a state highway just as the terms bridges, viaducts, grade separations and appurtenances are used within the contemplation of said statute in connection with the state highway. A road becomes an approach and a part of the state highway system when the road is used solely as an access road to a state highway.

Section 14 of the stipulation specifically sets forth that Hanley Road is not now and never has been a part of the state highway system. Sections 5553.02 and 5555.02, Revised Code, give to county commissioners the sole authority to alter a county road.

Section 5501.02, Revised Code, gives the Director of Highways the right to establish highways on existing roads. Concededly, the director had the power to have made Hanley Road a state highway. But he did not do so. Reference is also made to Section 5501.11, Revised Code. Further, this court again makes reference to Stipulation 14.

The Attorney General quotes from Section 5501.11, Revised Code, to the effect the director is given power to alter any feeder or outlet road, street or way. As we encounter another wave on this sea of controversy regarding statutes, let us look at the

first sentence of that section. We find "* * * all roads comprising the state highway system." This argument, like that contending Hanley Road is an approach road, simply does not fit the facts. If all roads from which a person can drive on to a state highway are placed under the control of the director by virtue of Section 5501.11, Revised Code, then all roads which intersect state highways would become subject to the control of the director. The separation of powers distributed by the Legislature among county commissioners and township trustees would be completely destroyed. Every such road would be placed under the control of the director. The Legislature did not so intend and the wording of said law does not permit such construction.

The feeder or outlet roads referred to in Section 5501.11, Revised Code, are roads used solely as feeders or outlets to the state highway system. It does not mean every road from which it is possible to enter a state highway.

Plaintiff indicates that the statutes must be lumped together rather than dealt with specifically, otherwise he would be prevented from performing his duties and be put at the mercy of county commissioners, be hamstrung, and be forced to operate in a vacuum. Let us not forget the great power given to the director to make any county or township road a part of the state highway system. See Section 5501.11, Revised Code. Practically his only limitation hereunder is not to add more than 200 miles in one year. This statute, without question, takes the wind from the sails of such argument. *Hulbert* v. *Linzell, supra* (167 Ohio St. 350), further weakens such contention. Certain authorities cited by plaintiff to bolster his contention lose their persuasiveness since in the instant case we are dealing with a specific Ohio law, Section 5515.02, Revised Code, which was not in effect in Montana, Pennsylvania, or Indiana. And, the out-of-state cases cited were based on different factual situations. In the instant case we are concerned with an Ohio county road not made part of the state highway system.

This court finds that the county commissioners did not in fact attempt to delegate any of their power to the director. Stipulation No. 11 goes no further than to state they acquiesced in and permitted the director to relocate Hanley Road and the pipe line. In fact, this means they did practically nothing.

Inaction is not evidence of delegation of rights the board had under Section 5547.03, Revised Code. This court also finds it to be clear that the director was not purporting to act under Section 5547.03, Revised Code.

Documents attached to the affidavit of the director show he recognized there was a property right in the north half of Hanley Road he needed to acquire before construction of State Route 1. Then too, there were appropriation proceedings. Such action is certainly inconsistent with the argument now advanced by plaintiff that the easement which the county had in Hanley Road became by some operation of law an easement for north-south traffic on the new State Route 1. It is also interesting to check the easement deeds with reference to the said pipe lines. The record reveals Ashland Pipe Line was not joined as a party defendant in appropriation proceedings. No effort was made to extinguish the easements by so doing. This point becomes obvious upon examination of the record herein.

It is presumed to have been satisfactorily shown in the course of the preceding observations (1) that the power of the state, as to the objects entrusted to its management, is in its nature, sovereign; (2) that the rights of erecting and/or pipe laying corporations is one inherent in and inseparable from the idea of the director's sovereign powers; (3) that the position that the Director of Highways of the state of Ohio can exercise no powers relating to establishing state highways on existing roads but such as is delegated to him by the statutes of Ohio does not militate against the principle of sovereignty but merely recognizes the rights of all and expresses the limitations placed on the power of sovereignty of a Director of Highways.

This court reaches the conclusion that the case of plaintiff herein does not come within the provisions of Section 5515.02, Revised Code, said case being based solely on that section. Hanley Road was not a state highway. Plaintiff cannot recover herein. The motion of defendant for summary judgment should be sustained.

*Motion sustained.*