A97A2116. McDUFFIE et al. v. ARGROVES et al.
(497 SE2d 5)

BIRDSONG, Presiding Judge.

Joseph L. McDuffie and Mary Ellen McDuffie appeal the grant of summary judgment to Dorothy B. Argroves and Angela A. Hand in the McDuffies' action for breach of contract under a lease-purchase agreement concerning commercial property that required Argroves and Hand to deliver the property to the McDuffies in fit condition. The McDuffies contend that as the property was infested with termites, it was not fit within the meaning of the lease-purchase agreement.

Nine months after the execution of the lease-purchase agreement the McDuffies discovered an insect problem in the store and called Orkin because a contract with Orkin protected the premises. Subsequently, Orkin inspected the premises and found an active termite infestation. The McDuffies also called in a second exterminator company which agreed with Orkin's conclusions and, ultimately, Orkin paid over $6,000 to repair the property and the McDuffies executed a release of Orkin's liability for the damage. Contrary to the

appellees' contentions, however, the release did not constitute a release for future damage to the property, including undetected damage.

Five months after the repairs were made and the release executed, the parties closed on the sale of the property. Subsequently, the McDuffies filed a complaint alleging that the appellees failed to deliver the premises in a fit condition and that appellees were liable for actual damages, punitive damages, and also for expenses of litigation and attorney fees. After discovery, appellees moved for and were granted summary judgment on all of the McDuffies' claims. The McDuffies now appeal contending that the trial court erred by granting summary judgment because genuine issues remain for trial. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). Further, when reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Boulware v. Quiktrip Corp.*, 226 Ga. App. 399 (486 SE2d 662); *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432).

2. The McDuffies claim the property had termite damage and active termites when they leased and purchased it, and, therefore, the property was not "fit" within the meaning of Paragraph X of the lease-purchase agreement. Paragraph X provides: "Lessors represent that the premises are in fit condition for use by Lessees. Acceptance of the premises by Lessees shall be construed as recognition that the premises are in a good state of repair and sanitary condition."

The McDuffies acknowledge that appellees made no representations regarding the premises and that they did not inspect the premises even though they had the opportunity to do so. Further, although the McDuffies admitted that they did not know when the damage occurred, they were provided an affidavit from the owner of an exterminating company stating that the infestation had existed on the property for several years and could not have existed for five months or less. Also, the McDuffies presented evidence that appellees found the buildings were infested with termites in 1988 and refused to authorize the repairs necessary to eradicate the termites. Instead, appellees merely contracted with Orkin to treat the property. Moreover, the McDuffies provided evidence that the termites were not visible to the naked eye and could not be detected by a

layperson. The lease-purchase agreement also contained a provision requiring the McDuffies, at their expense, to maintain a termite protection contract on the premises.

In construing contracts, words must be given their usual and common signification (OCGA § 13-2-2; *Holyoke Mut. Ins. Co. v. Cherokee Ins. Co.*, 192 Ga. App. 757, 759 (386 SE2d 524)), and dictionaries may supply the plain and ordinary sense of a word. *Southern Guaranty Ins. Co. v. Duncan*, 131 Ga. App. 761, 764 (206 SE2d 672). We find that the usual signification of "fit" in these circumstances means to be appropriate or suitable or answering the requirements. See Webster's Third New Intl. Dictionary; American Heritage Dictionary (2nd College Ed.). Thus, we find that the appellees were required to deliver to the McDuffies premises that were appropriate, suitable, and meeting the requirements for a retail store. To the extent the meaning of "fit" might be considered to be ambiguous, however, we do not find that a different result is required because any ambiguity must be construed most strongly against the drafter of the contract. OCGA § 13-2-2 (5); *Kennedy v. Brand Banking Co.*, 245 Ga. 496, 500 (2) (266 SE2d 154). In this case, the lease-purchase agreement was drafted by the appellees' attorney. Thus, in either case we find that "fit" would have the same meaning. The issue of whether the premises were, in fact, fit is for the jury. OCGA § 13-2-1.

Further, we do not find that the portion of Paragraph X that states that "[a]cceptance of the premises by Lessees shall be construed as recognition that the premises are in a good state of repair and sanitary condition" requires a different result because being in a good state of repair or in a sanitary condition does not necessarily include being free of termites. Further, to the extent these terms are also ambiguous, construing them against the appellees, as we must, means that the terms be construed so as to exclude the existence of active termites from their scope.

We do not find that the McDuffies waived this claim because they closed on the property after they learned of the termites. Under the terms of the lease-purchase agreement the McDuffies could not refuse to purchase the property without violating Paragraph VI of the agreement that provided that at the end of the lease period "lessees shall have the obligation to purchase the premises."

Even though under Paragraph IX of the lease-purchase agreement damage occurring after execution of the agreement was the responsibility of the McDuffies, we do not find that this provision relieves the appellees for liability for the pre-existing termite damage or infestation. Instead, this provision, by its terms, applies to damage that occurred after the execution of the agreement.

Although the McDuffies are bound by the terms of the contract because they did not rescind (*Hightower v. Century 21 &c.*, 214 Ga.

App. 522, 523-524 (448 SE2d 271); *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 75 (441 SE2d 421)), this does not alter the result in this case because terms of the agreement do not absolve the appellees of their potential liability under the terms of the agreement.

Accordingly, the trial court erred by granting summary judgment to the appellees on the McDuffies' claims for breach of contract and expenses of litigation.

3. Because punitive damages are not authorized in cases asserting a breach of contract, the trial court did not err by granting summary judgment on that claim. OCGA § 13-6-10; *Trust Co. Bank v. Citizens &c. Co.*, 260 Ga. 124 (390 SE2d 589). On appeal, a grant of summary judgment will be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (431 SE2d 746).

*Judgment affirmed in part and reversed in part. Ruffin and Eldridge, JJ., concur.*

DECIDED JANUARY 26, 1998 —
RECONSIDERATION DENIED FEBRUARY 24, 1998.

*Harrison & Harrison, Stephen P. Harrison*, for appellants.
*Daniel W. Lee*, for appellees.

