A04A1353. DEPARTMENT OF TRANSPORTATION v. MEADOW TRACE, INC. et al.
(617 SE2d 246)

RUFFIN, Chief Judge.

The Georgia Department of Transportation ("DOT") brought an action to condemn property which is owned by Meadow Trace, Inc. at the intersection of Highway 129/State Road 11 ("Highway 129") and Interstate 985 ("I-985") in Hall County. The DOT and Meadow Trace filed cross-motions for partial summary judgment on the issue of whether the condemned property has a right of access to Highway 129, which affects the value of Meadow Trace's property interest. The trial court found that the property does have a right of access to Highway 129 and therefore granted Meadow Trace's motion and denied the DOT's motion. The DOT appeals the trial court's ruling, and for the reasons that follow, we affirm.

Summary judgment is proper where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.[1] We apply a de novo standard of review to a trial court's grant of summary judgment[2] and view the evidence in a light most favorable to the party opposing the motion.[3]

Here, the issue of whether the condemned property has a right of access to Highway 129 turns on the interpretation of a deed, which

---

[1] See *Five Forks, LLC v. Dept. of Transp.*, 250 Ga. App. 157 (550 SE2d 715) (2001).

[2] See id. at 158.

[3] See *Gantt v. Dave & Buster's of Ga.*, 271 Ga. App. 457 (610 SE2d 116) (2005).

originally granted a right of way from a tract owned by C. E. Barrett (of which the condemned property was a part) to the State Highway Department of Georgia, the DOT's predecessor in interest. Barrett, Meadow Trace's predecessor in interest, entered into a "RIGHT OF WAY DEED (Limited Access)" with the State Highway Department on June 2, 1966. The deed conveys a portion of Barrett's property to the State Highway Department for a right of way for the Atlanta-Cornelia Road, also referred to as Project No. F-013-1(13) and the "limited access highway." This road is now known as I-985. The deed provides: "[s]aid right of way hereby conveyed consisting of 38.146 acres, more or less, is shown in color on the plat of the property prepared by the [State Highway Department], dated March 24, 1966 attached hereto and made a part of this description." No plat was attached to the recorded deed; however, the referenced plat was filed on June 18, 1966, the same day the deed was filed. On the plat, the phrases "Req'd R/W & Limit of Access" and "Req'd R/W & L.A." appear on the boundary between the land acquired by the State Highway Department and Barrett's remaining property, but there is no legend explaining the meaning of these terms.

Additionally, the deed provided that Barrett

> hereby convey[s] and relinquish[es] to the STATE HIGH-WAY DEPARTMENT OF GEORGIA all rights of access between the LIMITED ACCESS HIGHWAY and approaches thereto on the above numbered Highway and all of the remaining real property of the undersigned except at such points as designated by the STATE HIGHWAY DEPART-MENT OF GEORGIA.

Meadow Trace argues that this provision only relinquished access from the property to I-985 and its entrance and exit ramps. Conversely, the DOT contends that this provision, when read in conjunction with the plat, conveyed to the DOT not only access rights to I-985, but access rights to Highway 129, as well.

The trial court found that this provision did not terminate the condemned property's access rights to Highway 129, and granted Meadow Trace's motion for summary judgment as to that issue. On appeal, the DOT argues that the trial court erred in (1) failing to properly construe the deed and plat; (2) applying an incorrect definition of the word "approaches"; (3) finding ambiguities in the deed and plat; and (4) assigning the burden of proof to the DOT. We disagree.

1. The DOT asserts that the deed and plat, when read together, reflect the intention of the parties that Barrett waive all access rights to Highway 129 as well as I-985. The DOT argues that, because the

boundary between the condemned property and Highway 129 is marked "Req'd R/W & L.A." on the plat, Barrett was conveying his access rights to Highway 129 when, in the deed, he conveyed "all rights of access between the LIMITED ACCESS HIGHWAY and approaches thereto on the above numbered Highway and all of the remaining real property of the undersigned."

A deed is a contract.[4] Contract interpretation is a matter of law for the court, unless an ambiguity remains in the contract after applying the rules of construction.[5] Then the ambiguity must be resolved by a jury.[6] When a deed references a plat in describing the land conveyed, the plat "will ordinarily be considered as incorporated in the deed itself."[7] However, "[t]he plat is not given by way of more particular description, but as a pictorial representation of what has been described. It is not intended to conflict with the written description, and should not be so considered."[8]

In this case, the deed references a plat dated May 20, 1965, which was recorded the same day as the deed. We find that, while the plat was incorporated in the deed as a representation of the land conveyed to the DOT as a right of way,[9] the plat does not change the rights of access conveyed in the deed.[10] The deed states that Barrett is conveying "rights of access between the LIMITED ACCESS HIGHWAY and approaches thereto on the above numbered Highway." It is clear from the deed that the "limited access highway" and the "above numbered highway" refer to Project No. F-013-1(13), now known as I-985. There is no indication in the deed that rights of access to any other road are intended to be conveyed. The paragraph dealing with rights of access does not refer to the plat. And the notation in the plat of "Req'd R/W & L.A.," with no definition or explanation, is not sufficient to create a conveyance of access rights to another road not otherwise discussed in the deed. The trial court did not err in determining that the plat did not serve to create a conveyance of access rights to Highway 129.[11]

---

[4] See *Sawyer Coal & Ice Co. v. Kinnett-Odom Co.*, 192 Ga. 166, 173 (6) (14 SE2d 879) (1941).

[5] See *Golden Pantry Food Stores v. Lay Bros., Inc.*, 266 Ga. App. 645, 650 (2) (597 SE2d 659) (2004).

[6] See id.

[7] *Chicago Title Ins. Co. v. Investguard, Ltd.*, 215 Ga. App. 121, 123-124 (2) (449 SE2d 681) (1994).

[8] (Citation and punctuation omitted.) *Shepherd v. Henderson*, 169 Ga. App. 486, 487 (313 SE2d 503) (1984).

[9] *Chicago Title*, supra.

[10] See, e.g., *Tift County v. Goodman*, 105 Ga. App. 229, 233 (1) (124 SE2d 290) (1962) (grantor of right of way not bound by items noted only in highway department plans and not specifically referenced in deed).

[11] See *Shepherd*, supra.

2. The DOT next contends that the trial court erred in not reading the word "approaches," referred to in "all rights of access between the LIMITED ACCESS HIGHWAY and approaches thereto on the above numbered Highway," to include Highway 129. The trial court held that "approaches" "means roadways providing direct access to the flow of traffic on I-985." Because Highway 129 does not provide direct access to I-985, the trial court found that it is not an approach to which the right of access was ceded. The DOT argues that this definition of "approaches" is too narrow, and that "approaches" should include all roads specifically identified as limited access on the plat.

Words are to be given "their usual and common signification" when construing a contract.[12] We look to a dictionary to provide "the plain and ordinary sense of a word."[13] An approach is defined as "[a] way or means of reaching something; an access."[14] This is consistent with the trial court's reading of "approaches" to mean a roadway providing direct access to I-985. We also agree with the trial court that the case of *Masheter v. Ashland Pipe Line Co.*,[15] while not binding, is persuasive authority as to the ordinary meaning of "approaches" when used in reference to a highway. The court in *Masheter* defined an approach as "a road devoted solely to gaining access to a state highway."[16] The trial court did not err in determining that the language of the deed conveying the right of access to "approaches" to I-985 did not convey the right of access to Highway 129.[17]

3. The DOT asserts as error the trial court's finding of ambiguities in the deed and plat related to the conveyance of limited access rights. As discussed in Division 1, we agree with the trial court that, to the extent "Req'd R/W & L.A." means, as the DOT contends, that an assignment of access rights is required, there is a conflict between the deed and the plat. The trial court, however, properly applied the rules of construction to determine that the phrase "Req'd R/W & L.A." on the plat did not create a conveyance of limited access rights to any road other than I-985. We find no error in the trial court's resolution of the conflict between the deed and the plat, as read by the DOT.[18]

4. Finally, the DOT argues that the trial court improperly placed the burden of proof on the DOT by stating that "ambiguity is

---

[12] OCGA § 13-2-2 (2); *McDuffie v. Argroves*, 230 Ga. App. 723, 725 (2) (497 SE2d 5) (1998).

[13] *McDuffie*, supra.

[14] The American Heritage Dictionary of the English Language, Fourth Edition.

[15] 208 NE2d 162, 166 (2 Ohio Misc. 179) (1965).

[16] Id.

[17] See generally *Stinchcomb v. Clayton County Water Auth.*, 177 Ga. App. 558, 561 (2) (340 SE2d 217) (1986) (physical precedent only).

[18] See *Village Enterprises v. Ga. R. &c. Co.*, 117 Ga. App. 773, 774 (1) (161 SE2d 901) (1968).

construed against the drafter of the deed." This principle is a rule of contract construction in Georgia,[19] and its application by the trial court in interpreting a contract did not impermissibly shift the burden of proof on the motion for summary judgment.[20] Furthermore, the trial court gave this as an *alternative* reason for its conclusion that "approaches" to I-985 did not include Highway 129. Because this conclusion was correct for the reasons discussed in Division 2, this rationale is superfluous and not dispositive.[21]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JULY 11, 2005 — ▆▆▆▆▆▆▆▆

*Thurbert E. Baker, Attorney General, Hulsey, Oliver & Mahar, R. David Syfan, Thomas L. Fitzgerald*, for appellant.

*Stewart, Melvin & Frost, Frank Armstrong III, Alston & Bird, T. Michael Tennant, Kilpatrick Stockton, Tim Carssow, Ian Landgreen*, for appellees.

---

[19] See OCGA § 13-2-2 (5).

[20] See, e.g., *Peachtree Cas. Ins. Co. v. Kim*, 236 Ga. App. 689, 690 (512 SE2d 46) (1999).

[21] See *Lewis v. Atlanta Cas. Co.*, 179 Ga. App. 185, 189 (2) (345 SE2d 858) (1986).