## S05G1930. DEPARTMENT OF TRANSPORTATION v. MEADOW TRACE, INC. et al.
### (631 SE2d 359)

BENHAM, Justice.

This appeal is from the decision of the Court of Appeals affirming the grant of partial summary judgment to Meadow Trace, Inc. (Meadow Trace). *Dept. of Transp. v. Meadow Trace, Inc.*, 274 Ga. App. 267, 269 (617 SE2d 246) (2005). The litigation began when the Department of Transportation (DOT) filed an action to condemn property belonging to Meadow Trace located at the intersection of I-985 and U.S. Highway 129 in Hall County. A dispute arose in the condemnation action concerning whether the property at issue has a right of access to Hwy. 129 for which compensation is due. DOT contends that when Meadow Trace's predecessor in interest conveyed property to DOT in 1966 for the construction of I-985, notations on a plat incorporated into the deed effected the conveyance of rights of access to Hwy. 129 from the remainder of the grantor's land. Meadow Trace contends the 1966 conveyance was limited to that described in the deed itself and did not include the grantor's right of access from his remaining lands to Hwy. 129.

The 1966 deed contained four conveyances, one of a tract of land just over 38 acres, one of a drainage easement, one of drainage rights affecting the remainder of the grantor's lands, and the one at issue on this appeal, of all rights of access between the remainder of the grantor's lands and "the LIMITED ACCESS HIGHWAY and approaches thereto on the above numbered highway. . . ." The tract was

described in the deed by metes and bounds, but the deed also noted that the tract was "shown in color on the plat of the property . . . attached hereto and made a part of this description."[1] The deed also referred to the plat to locate the specific drainage easement, but made no reference to the plat with regard to the conveyance of overall drainage rights or rights of access. On the plat are four occurrences of notations reading "Req'd R/W & Limit of Access" and "Req'd R/W & L.A." DOT's position on rights of access is based entirely on its contention that those notations constituted a conveyance of access rights.

The trial court noted that grants by implication are not favored and denied DOT's motion, granting partial summary judgment to Meadow Trace. The Court of Appeals affirmed the trial court's judgment, holding "the notation in the plat of 'Req'd R/W & L.A.,' with no definition or explanation, is not sufficient to create a conveyance of access rights to another road not otherwise discussed in the deed." *Dept. of Transp. v. Meadow Trace, Inc.*, supra, 274 Ga. App. at 269. This Court granted DOT's petition for certiorari and posed the question whether notations on a plat incorporated into a deed can vary or expand the right of access given in the deed.

In support of an enumeration of error[2] contending the Court of Appeals erred "in construing the deed, by failing to consider the intention of the parties to vary or expand upon the right of access conveyed in the deed, as shown of the plat incorporated therein," DOT correctly states the importance in the process of construing a deed of ascertaining the intent of the parties: " 'The cardinal rule of construction is to ascertain the intention of the parties.' [Cit.] Moreover, 'the intention of the parties as reflected by the instrument as a whole determines the nature of the interest conveyed.' [Cit.]" *Allgood Farm, LLC v. Johnson*, 275 Ga. 297 (1) (a) (565 SE2d 471) (2002). While it is true the Court of Appeals did not specifically cite that cardinal rule, DOT's contention the Court of Appeals failed to consider the intent of the parties is belied by this statement in that court's opinion: "There is no indication in the deed that rights of access to any other road

---

[1] The plat was not filed with the deed, but was filed for record the same day and the trial court and the Court of Appeals have both treated it as having been filed with the deed.

[2] In its only other enumeration of error, DOT contended the Court of Appeals erred "by excluding consideration of a plat incorporated by reference in a deed, in the process of construing the terms of that deed." We need not discuss that contention because it mischaracterizes the decision of the Court of Appeals. In its opinion in this case, the Court of Appeals recognized the incorporation of the plat into the deed, but held that the notations apparently referring to limits of access were not sufficient to create a conveyance of access rights to a road not discussed in the deed. The Court of Appeals, therefore, did consider the plat in the process of construing the deed, but did not reach the conclusion DOT preferred.

[than I-985] are intended to be conveyed." *Dept. of Transp. v. Meadow Trace, Inc.*, supra, 274 Ga. App. at 269.

Nonetheless, DOT contends the Court of Appeals reached the wrong conclusion with regard to the intention of the parties, arguing that the presence on the plat of the notation "Req'd R/W & L.A." with an arrow pointing to a border between the grantor's remaining property and the site of the proposed relocation of Hwy. 129 means the grantor intended to convey his right of access to Hwy. 129. This contention brings us to consideration of the question we posed in granting certiorari, whether notations on a plat incorporated into a deed can vary or expand the right of access given in the deed. The pertinent rule was stated in *Wooten v. Solomon*, 139 Ga. 433, 435 (77 SE 375) (1913): "Where a deed describes the lot conveyed by metes and bounds and refers to a plat as representing them, the reference is not to enlarge or diminish the effect of the descriptive words of the conveyance, but to give them efficacy, and the operative words are found in the deed itself. [Cits.]" The "operative words" in this matter are those conveying all access rights between the grantor's remaining property and "the LIMITED ACCESS HIGHWAY and approaches thereto on the above-numbered Highway. . . ." There is no reference in the deed to a conveyance of rights of access to any other road than the limited access highway, which the parties agree is a reference to I-985, and its approaches.[3] If the notation on the plat on which DOT relies could reasonably be regarded as indicating a conveyance of access rights to Hwy. 129, it would run afoul of the holding in *Johnson v. Willingham*, 212 Ga. 310, 311 (1) (92 SE2d 1) (1956), that the "description contained in the deed will prevail over the description shown by the plat where there is a difference in the two." We conclude, based on the principles stated in *Wooten v. Solomon*, supra, 139 Ga. 433, and *Johnson v. Willingham*, supra, 212 Ga. 310, that the question posed by this Court in granting the writ of certiorari in this case is answered in the negative: notations on a plat incorporated into a deed cannot vary or expand the right of access given in the deed.

Moreover, our review of the plat brings us independently to the conclusion that DOT's asserted interpretation is not supported by a view of the document as a whole. As the trial court correctly pointed out in its order, the specific notation on which DOT ultimately relies[4] is not on the border between the property condemned in 1966 and the

---

[3] The trial court and the Court of Appeals both addressed the question of whether the word "approaches" in the deed could be read to refer to Hwy. 129 and concluded it could not. That conclusion by the Court of Appeals was not enumerated as error on this appeal and is not argued in DOT's brief.

[4] As noted above, the same or similar notations appear three other places on the plat, but not on a boundary between the grantor's remaining property and Hwy. 129.

grantor's remaining property, but is on the border between the grantor's property and a tract the plat shows was to be acquired pursuant to a different project altogether. We cannot conclude that a notation appearing on a portion of a plat relating to a different project effected a conveyance not mentioned in the language of the deed. It follows, then, that the trial court and the Court of Appeals were both correct in rejecting DOT's attempt to claim a conveyance of rights not conveyed by the 1966 deed.

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I concur fully in the majority's affirmance of the judgment of the Court of Appeals. I write separately only to clarify that today's opinion should not be read as authority for the proposition that a metes and bounds description will invariably control over an incorporated plat. As recognized in 2 Hinkel, Pindar's Georgia Real Estate Law and Procedure, § 19-160, p. 460 (6th ed. 2004), "an analysis of Georgia cases reveals a definite tendency to accept the first description over the second." Thus, there is authority for the proposition that an initial description which takes the form of an incorporated plat can control over a succeeding metes and bounds description. See *Williams Bros. Lumber Co. v. Massey*, 179 Ga. 508 (1) (176 SE 378) (1934). If there is any general rule for construing a deed such as that presented in this case it is that "[t]hat which is most material and certain in a description prevails over that which is less material and certain. . . ." *Harrison v. Durham*, 210 Ga. 187, 188 (5) (78 SE2d 482) (1953). Here, the description in the deed referring to the conveyance of access rights between the grantor's remaining property and "the LIMITED ACCESS HIGHWAY and approaches thereto on the above-numbered Highway" is certainly more material and certain than the vague and otherwise unexplained notations on the incorporated plat which, as the majority correctly notes on p. 723, "relat[es] to a different project . . . not mentioned in the language of the deed." Therefore, the notations on the plat cannot be construed as effectuating a conveyance of access rights between the grantor's remaining property and U.S. Highway 29. Accordingly, I agree that the Court of Appeals correctly affirmed the trial court's grant of partial summary judgment in favor of Meadow Trace.

DECIDED JUNE 12, 2006.

*Thurbert E. Baker, Attorney General, Ray O. Lerer, Senior Assistant Attorney General, Hulsey, Oliver & Mahar, Thomas L. Fitzgerald,* for appellant.

*Stewart, Melvin & Frost, Frank Armstrong III, Alston & Bird, T. Michael Tennant, Kilpatrick Stockton, Tim Carssow, Curtis A. Garrett, Jr., Thomas C. Harney,* for appellees.